SULLIVAN, Respondent, vs. BRUHLING, imp., Appellant.

*September 2 — September 21, 1886.*

*Equity: Passive trust: Mistake: Reformation of deed.*

1. A conveyance of land to one person in trust for and to the use and benefit of another, without any further expression of the nature and purposes of the trust, vests the absolute legal title in the *cestui que trust* named. Secs. 2073, 2075, R. S.

2. Lands were intended to be conveyed to one T. in trust for the plaintiff, but by mistake were conveyed to T. absolutely. Defendant, having a judgment against T. which was a lien on his real estate, caused execution to be levied on said lands. *Held*, that the plaintiff might have the deed reformed so as to express the trust, and thereby to release the lands from the apparent lien of the defendant's judgment.

APPEAL from the Circuit Court for *Chippewa* County.

Appeal by the defendant *Bruhling* from an order overruling a general demurrer interposed by him to the complaint. The case made by the complaint is substantially as follows:

In 1884, plaintiff purchased, of one Cameron and one McPhee, a certain lot in the city of Chippewa Falls owned by them, and paid the agreed price therefor. For certain reasons stated in the complaint, which are untainted with fraud, it was agreed by the three parties to the transaction that the conveyance of the lot should be drawn and executed to the defendant Tierney, in trust for the plaintiff, and for his use and benefit. They thereupon gave the necessary instructions to a person supposed to be competent to draw the conveyance in that form. The conveyance was thereupon drawn by such person, who, by mistake, omitted to express such trust therein, but made the same in form an absolute conveyance to Tierney. By like mistake on the part of the grantors, they inadvertently executed the deed in that form, and delivered the same to the plaintiff. The plaintiff can neither read nor write, and relied solely upon the person

who prepared the deed to draw it according to such agreement and instructions.

The appellant, *Bruhling*, some years before, had recovered a judgment against the defendant Tierney in the municipal court of Chippewa county, and on August 29, 1878, filed a transcript thereof with the clerk of the circuit court of that county, and such judgment was duly docketed in that court, and became a lien upon the real estate of Tierney. July 14, 1885, the appellant caused execution to be issued on the judgment, and delivered to the defendant Weiner, the sheriff of said county, and by direction of the appellant the sheriff advertised the lot above mentioned to be sold to satisfy the execution, and intends so to sell the same unless restrained by the court from so doing.

The plaintiff has occupied the lot as his homestead ever since it was conveyed as aforesaid. August 13, 1885, Tierney conveyed the lot to the plaintiff by deed of quitclaim, in recognition and execution of the aforesaid trust. The appellant has refused, on due demand, to release the lot from the lien of his judgment, or to stop proceedings for the sale thereof under the execution.

The relief demanded is that the conveyance by Cameron and McPhee to Tierney be reformed to express therein that the same was so made in trust for the plaintiff, and for his use and benefit; that the lot be released from the apparent lien of appellant's judgment; that the sale thereof on the execution be enjoined; and for general relief.

A motion to dismiss the appeal because of an alleged settlement of the controversy by the parties thereto before the appeal was taken, has been argued and is pending.

For the appellant there was a brief by *Rublee Cole*, attorney, and *Richard Sleight*, of counsel, and oral argument by *Mr. Cole.*

For the respondent the cause was submitted on the brief of *Rusk & Boland.*

LYON, J.   The facts stated in the complaint furnish ample grounds for reforming the deed of the lot in question, executed by Cameron and McPhee to plaintiff, so that it shall express a trust in favor of the plaintiff, provided the law justifies such a reformation of any conveyance. If the deed, so reformed, will vest title to the lot, or any beneficial interest therein, in the plaintiff, it ought to be reformed.

At common law, the deed, so reformed, would create a valid passive trust. Tierney would hold under it the naked legal title to the use of the plaintiff, and the whole beneficial interest would vest in the plaintiff. Tierney could not convey a valid title to the lot, and it could not be reached by his creditors. Hence, were the common law in respect to such trusts in force in this state, it would be indisputable that the complaint states a valid cause of action, and that, under the averments thereof, the plaintiff would be entitled to the relief which he demands.

But trusts of this character have been abolished by statute in this state. R. S. ch. 96. We must therefore determine, under our statutes, the effect of a conveyance of land made to one person in trust for and to the use and benefit of another, without any further expression therein of the nature and purposes of the trust. The problem is not difficult, nor is the solution doubtful.

Sec. 2075, R. S., relates to such trusts. It reads thus: "Every disposition of lands, whether by deed or devise, hereafter made, except as otherwise provided in these statutes, shall be directly to the person in whom the right to the possession and profits shall be intended to be vested, and not to any other, to the use of or in trust for such person; and, if made to one or more persons in trust for or to the use of another, no estate or interest, legal or equitable, shall vest in the trustee." This statute does not render a conveyance void which in form is to one in trust for another. It only provides that in such a case no estate or interest, legal or

equitable, shall vest in the trustee. By necessary implication, it leaves the absolute and entire beneficial interest in the lands so conveyed in the *cestui que trust* named in the deed. Sec. 2073 defines such interest as a legal estate of the same quality and duration; that is to say, a fee simple absolute in a case like this.

The conveyance by Cameron and McPhee to Tierney, if reformed as demanded, will be within the above sections. Certainly the intention of all parties to it was and is that the plaintiff should have the right to the possession and profits of the lot. The reformed deed will vest those rights in him under the statute, and would have done so at the common law. It was therefore competent for the plaintiff to take a conveyance of the lot in either of two forms: He might have required it to be executed directly to himself as grantee, or he might take it to another grantee in trust for himself, and for his use and benefit. In either case he would get the whole estate in the lot, both legal and equitable. He chose to take his conveyance in the latter form. But by a mutual mistake in the deed, which Tierney admits and has done all he could to correct, the plaintiff has failed to obtain title to the lot. The complaint contains averments which satisfactorily account for the mistake, and demonstrate that it should be corrected. The appellant has parted with nothing on the faith of the deed in its present form, and is in no position to object to its reformation. There is no question of fraud in the case. Why, then, should it not be reformed, and made to express what the parties to it intended it should express?

We conclude the complaint states a cause of action for the relief demanded. If the deed is reformed, that necessarily defeats the apparent lien on the lot of the appellant's judgment against Tierney.

A motion is pending herein to dismiss the appeal because of an alleged settlement of the controversy before the appeal

was taken. Inasmuch as we sustain the validity of the complaint, we do not deem it necessary to determine the motion.

*By the Court.*— The order of the circuit court overruling the demurrer to the complaint is affirmed.