· DAVENPORT, Respondent, vs. STEPHENS, Appellant.

*February 23 — March 16, 1897.*

*Cloud on title: Implied trust: Lien of judgment.*

1. Where land, purchased for a married woman and paid for out of her separate estate, was, without her knowledge or consent, conveyed to her husband, but was, on her discovering that fact two days later and demanding a deed in her own name, conveyed by her husband to her, *held*, that the deed to the husband conveyed only the bare legal title, and he held merely in trust for his wife, and that the lien of a prior judgment against him did not attach thereto; and that his conveyance to his wife executed the trust and passed the title as of the date of the original deed to him.

2. One who has the legal title to land, whether in actual possession or not, may maintain an action in equity to remove a cloud affecting the title, where the invalidity of the hostile claim cannot be proved by any record, but must be shown by other evidence.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This is an action to remove a cloud upon the title to land. The plaintiff is a married woman, the wife of Thomas Davenport. The defendant had a judgment, which was duly entered and docketed, against Thomas Davenport. The plaintiff owned a home with about thirteen acres of land. In August, 1895, a real-estate agent negotiated a trade between the plaintiff and one William Keyes, whereby the plaintiff was to convey her home and land to Keyes, and to receive from him some money, a mortgage on the land which she conveyed, and a conveyance of two lots in one of the suburbs of the city of Madison. At the time when the conveyances were to be executed, the plaintiff's husband, Thomas Davenport, attended to represent his wife in the transaction. Through some misunderstanding of the agent, the mortgage and the conveyance of the lots were made to run to Thomas Davenport as mortgagee and grantee, re-

spectively, instead of running to the plaintiff. The convey-
ance of the plaintiff's land to Keyes was delivered to Keyes,.
and the mortgage and conveyance of the lots were left with
the agent for the plaintiff. This was on Saturday, August
31, 1895. As soon as the plaintiff learned that the mort-
gage and conveyance were to her husband as mortgagee and
grantee, she refused to accept them, and demanded others,
which should be in her name. For some reason it was incon-
venient to obtain the execution of new conveyances from
Keyes and wife; so it was finally arranged that Thomas
Davenport should assign the mortgage, and make a convey-
ance of the lots to the plaintiff. And so it was done. This
was on Monday, September 2, 1895. The defendant claimed
that his judgment against Thomas Davenport became a lien
upon the lots while the title was vested in Thomas Daven-
port, and sold the lots on execution. The action is brought
to remove this cloud upon the title to the lots. The plaint-
iff had judgment, from which this appeal is taken.

For the appellant there was a brief by *Spooner, Sanborn
& Spooner*, and oral agument by *A. L. Sanborn*. They con-
tended that the evidence shows the delivery of the deed to
the husband two days before he conveyed to his wife, and
she by accepting a deed from him acknowledged and con-
firmed his title. Actual possession is necessary to enable a
person to maintain an action to remove a cloud on title.
There is no evidence that the plaintiff is in possession.
*Stridde v. Saroni*, 21 Wis. 173; *Grimmer v. Sumner*, id. 179;
*Wals v. Grosvenor*, 31 id. 681; *Lee v. Simpson*, 29 id. 333;
*Shaffer v. Whelpley*, 37 id. 334; *Pier v. Fond du Lac*, 38 id.
470; *Grignon v. Black*, 76 id. 674; *Frost v. Spitley*, 121 U. S.
552; *Sepulveda v. Sepulveda*, 39 Cal. 13; *Eaton v. Giles*, 5
Kan. 24.

For the respondent there was a brief by *Bushnell, Rogers
& Hall*, and oral argument by *A. R. Bushnell.*

NEWMAN, J.   Whether the defendant's judgment became
a lien upon plaintiff's lots depends upon that other question —
whether Thomas Davenport ever had sufficient title in the
lots for the lien of that judgment to attach to, during the
passage of the title through him from Keyes to the plaintiff.
No question is made that the plaintiff paid the considera-
tion which was paid for the lots; nor that the conveyance was
taken in the name of Thomas Davenport, without her knowl-
edge and consent; nor is her acquiescence shown.  On the con-
trary, she immediately demanded the title to be made to her.
It is clear that in that case the conveyance vested in Thomas
Davenport no interest in the land.   It conveyed to him but
the bare legal title, which he held only in trust for his wife.
In equity she is regarded as the *real* owner.   It is a trust
arising by implication of law (2 Pomeroy, Eq. Jur. §§ 1037–
1043), and is excepted from the requirements of the statutes
of frauds (R. S. secs. 2076, 2079; *Kluender v. Fenske*, 53 Wis.
118; 2 Pomeroy, Eq. Jur. § 1042; *Foote v. Bryant*, 47 N. Y.
544; *Reitz v. Reitz*, 80 N. Y. 538; *Haack v. Weicken*, 118
N. Y. 67).   If the trust had been expressed on the face of
the deed from Keyes, the statute (secs. 2073–2075) would
have executed it at once by vesting the legal as well as the
equitable title in the plaintiff.   In that case there would
have been nothing to which the lien of the defendant's judg-
ment could attach.   *Hannig v. Mueller*, 82 Wis. 235.   The
effect of the voluntary execution of the implied trust by the
execution of the deed from Thomas Davenport to the plaint-
iff was the same.   It operated to pass the title to the plaint-
iff to the same effect as if the trust had been expressed in
the deed from Keyes.   Whatever title Thomas may be
deemed to have had at any time was subject to be defeated
and lost by the execution of the trust.   Equity would have
enforced the trust directly, or, in a proper case, would re-
form the deed upon which the trust arose so that it should

declare the trust upon its face, so as to prevent the lien of the judgment. *Sullivan v. Bruhling,* 66 Wis. 472. The voluntary conveyance operates the same effect as the reformation of the deed. It supplies the place of, and is equivalent in law to, a declaration of the trust in the original deed. It relates back to the execution of the original deed, so as to pass title as of that date. *Main v. Bosworth,* 77 Wis. 660. In order to prevent injustice, equity often considers that to have been done which ought, in equity, to have been done. The defendant is in no position to complain. The title of his debtor in the lots was merely nominal. His lien was no more comprehensive than his debtor's title. He is not a *bona fide* purchaser. He has parted with nothing on the faith of the deed as it stood, and is in no position to object to the doing of complete equity between his debtor, the nominal trustee, and the beneficiary of the implied trust. The effect of the whole transaction is that no title to which the lien of defendant's judgment could attach ever rested in Thomas Davenport.

Some question was raised whether the plaintiff has shown such possession as should entitle her to maintain this action. It is entirely immaterial whether she was in actual possession or not. No other person was in the actual possession. One who has the legal title to land, whether in possession or not, may maintain an action in equity to remove a cloud of title upon his land, where the invalidity of the hostile claim cannot be shown by any record, but must be proved by evidence *aliunde*. *Pier v. Fond du Lac,* 38 Wis. 470; *Goodell v. Blumer,* 41 Wis. 436; *Herren v. Strong,* 62 Wis. 223. In this case the invalidity of the defendant's claim could be shown only by evidence *dehors* the record. Sec. 3186, R. S., extends, rather than limits, the jurisdiction of the courts in the cases to which it is applicable. *Fox v. Williams,* 92 Wis. 320.

*By the Court.*— The judgment of the circuit court is affirmed.