MASH, Respondent, vs. BLOOM, Appellant.

*December 7, 1906—January 8, 1907.*

*Quieting title: Equity: Adequate remedy at law: Conditions subsequent: Re-entry: Forfeiture: Practice.*

1. Plaintiff brought an action in equity for breach of condition subsequent, seeking the enforcement of her rights under a deed given by her to defendant, and asked to have it canceled and removed as a cloud on the title. The condition was not embodied in an instrument separate from the deed of conveyance and did not rest in parol. *Held*, that plaintiff had a full and adequate remedy at law and hence could not invoke the jurisdiction of equity for the determination of her rights.

2. Where a court of equity grants relief upon the principle of *quia timet*, thus preventing any vexatious or wrongful use of agreements which are in fact conditions subsequent, and removing them as a cloud upon the title, it is immaterial whether or not the plaintiff is in possession of the premises.

3. Where a grantee of lands has defaulted in the conditions of the conveyance, the grantor's claim to the right of possession and the grantee's denial thereof operates as a re-entry vesting the title in the grantor, and the rule that equity will not lend its jurisdiction to effect a forfeiture is not violated.

4. The grantor in a deed brought an action in equity alleging that the condition of the deed was broken and for that reason she was entitled to have the actual possession restored. *Held*, that proof of such breach would entitle the grantor to judgment declaring the conveyance forfeited and awarding her possession.

5. Such procedure affords a full, complete, and adequate remedy, enforceable in an action in ejectment, and hence it is error to award judgment in an equitable action canceling the deed and restoring to the grantor, as owner in fee, all her rights in the property.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

An action in equity. For breach of condition subsequent plaintiff seeks enforcement of her rights under a deed given by her to the defendant and asks to have it canceled and removed as a cloud on the title. The complaint alleges that on

November 23, 1903, plaintiff was the owner of the real estate in question, and that on this day she conveyed these premises by deed to the defendant *George F. Bloom* in consideration of one dollar, natural love and affection, and such special consideration as is expressed in the following clause inserted in the deed:

"The special considerations and conditions upon which this deed is executed, made, and delivered are: That the said *George F. Bloom* and his wife, during the remainder of my natural life, shall live in the house on the premises above conveyed and shall be good and kind to the said *Rebecca M. Mash* and shall help take care of her and nurse her and administer to her natural wants, as good, loving, affectionate and kind children would do for a parent.

"These 'special considerations and conditions' shall subsist and inure for my benefit while I, the said *Rebecca M. Mash,* shall continue in life. And with my death the same shall cease and be as if they were not written in this deed. They are here written solely and exclusively for my sole, personal benefit and to secure the good faith and conduct herein of said *George F. Bloom* and wife while I shall live and for the use and benefit of no other person or persons whatsoever."

The property is situated in the city of Madison and has a value of from $3,500 to $4,000. It is alleged that the plaintiff, the grantor in this deed, is seventy-two years of age, and is a widow without any children or other relatives to care for her in her declining years. The defendant's wife, Sarah Bloom, is a niece of plaintiff's deceased husband. In his lifetime he entertained a very kindly feeling toward his, niece and loved her much, and the plaintiff, prior to the making of this deed, respected her and entertained full confidence in her as a friend and as a trustworthy and highly respected person. Plaintiff also at that time entertained a high regard for and friendly feelings toward *George F. Bloom* and believed him to be a man of honesty and integrity. Plaintiff resides in her house, situated on the lot, a portion of which she con-

veyed to defendant. She delivered the deed to the defendant, and immediately thereafter defendant and his wife moved into the house which is situated on the part of the lot so conveyed. It is alleged that this deed was made, executed, and delivered pursuant to a parol agreement of the parties to this action to the effect that they were to care for and nurse plaintiff; that such care and nursing was to include personal attention by them to plaintiff's household duties, preparing and serving her food, and doing all things necessary in attending to the fires in her house, her laundry, her yard, the sidewalk, and the care of her building on the premises; that they were to be her kind and agreeable companions and were to wait upon and nurse her when sick and infirm. It is further alleged that from and after March 17, 1904, defendant has wholly failed to perform these obligations so undertaken by him; that he now continues to disregard these obligations; and that this action is brought to have the deed canceled for this breach of the conditions of the deed, and to have it canceled and removed as a cloud upon the title to her property, and to debar defendant from claiming any right under it.

The defendant denies having breached this agreement as charged by plaintiff, and avers that no agreements were made as a condition of such conveyance except as written and expressed in this deed, and that the conditions expressed in the deed have in all respects been fully performed and carried out, except in so far as plaintiff by her wrongful conduct has prevented this being done and has made it impossible to perform the conditions so assumed. Defendant interposed a demurrer to the complaint and alleged that plaintiff had a complete remedy at law. This was overruled. Defendant answered, and before trial asked an amendment, which was allowed, alleging that plaintiff had a full and adequate remedy at law. This action was tried before the court upon its merits. The court, upon the findings of fact, awarded judg-

ment in plaintiff's favor, upon the ground that defendant had failed to comply with the conditions of the agreement between the parties. The judgment canceled the deed, declared it a cloud upon plaintiff's title to the property, and restored to her as owner in fee all rights in the property. This is an appeal from the judgment.

For the appellant there were briefs by *Tenney, Hall & Tenney,* and oral argument by *F. W. Hall.*

*Frank E. Parkinson,* for the respondent.

SIEBECKER, J. The controlling question of law presented by appellant is the right of respondent, upon the facts and circumstances on which she relies for relief, to invoke the jurisdiction of equity for the determination of her rights. Her claim that this court has repeatedly granted equitable relief upon like grounds is challenged by appellant, and we are cited to the decisions of this court to justify such contentions. Appellant asserts that these decisions show that, whenever equitable relief has been awarded in this class of cases, it was upon the ground that the parties had no full and adequate remedy at law to enforce their rights, and that the facts of this case do not present such a case for the reason that plaintiff can, by action in ejectment, fully, adequately, and expeditiously enforce and protect her rights. An examination of the cases cited and relied upon by the parties in support of their respective contentions convinces us that equitable relief has been granted in cases only where the facts and circumstances shown demanded some form of relief not within the power of a court of law but which could be reached by some equitable remedy. *Delong v. Delong,* 56 Wis. 514, 14 N. W. 591, a case in substance like the one before us, is the only case that has come to our attention which can serve as a precedent, and this was an action in ejectment. True, all these cases dealt with defaults concerning agreements by parties who had obligated themselves to pay some sum of money

in small amounts at stated periods for the support of some person, to render some personal service to them, or, in some form, in consideration of the transfer of real or personal property by them, to make provision for their necessities in life. But in all except the *Delong Case* the contract for such payment, support, and maintenance was embodied in a separate instrument from the deed of conveyance or rested in parol, thus leaving the deed of conveyance of such property in the form of an absolute conveyance. To restore the parties to such a transaction to their right in the property conveyed in consideration of such support and maintenance required the employment of the power of a court of equity, which brought the parties before the court and ascertained what obligations as a condition of the deed had been entered into for the benefit of the grantors. In the syllabus of *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118, in which case these questions were fully considered, the rule is stated as follows:

"To the end that the conditional grantor's remedy may be complete, [equity] will cancel all writings and records that might otherwise be used, presently or in the future, to his prejudice, acting, not upon the theory that they are avoided by the court, but that they are void independent thereof, and that equity jurisdiction is required to settle the status of the property in accordance with the facts, on the principle of *quia timet,* and to clear away those things which, though void in fact, might, by reason of their apparent force, be used by the holders thereof in some way, presently or in the future, wrongfully."

Other cases in this court, which were brought and determined within the jurisdiction of equity, are the following: *Bogie v. Bogie,* 41 Wis. 209; *Bresnahan v. Bresnahan,* 46 Wis. 385, 1 N. W. 39; *Morgan v. Loomis,* 78 Wis. 594, 48 N. W. 109; *Hartstein v. Hartstein,* 74 Wis. 1, 41 N. W. 721; *Beckman v. Beckman,* 86 Wis. 655, 57 N. W. 1117; *Wanner v. Wanner,* 115 Wis. 196, 91 N. W. 671.

Counsel for both parties devote much consideration to the

question whether or not plaintiff is precluded from suing in equity because she is not in the actual possession of the premises. In view of the importance attached to this subject, we deem it proper to advert to it and to state that in the foregoing cases the court of equity granted relief upon the principle of *quia timet,* thus preventing any vexatious or wrongful use of agreements which by construction were declared to be in fact conditions subsequent, and removing them as a cloud upon the title. Since these are the grounds upon which equity is set in motion, it is immaterial whether or not the plaintiff in such a case is in possession of the premises. In the following cases it was expressly held that the fact that plaintiff was not in possession could not affect the right to maintain such an action, for the reason that the legal remedy in restoring possession in such cases is inadequate, in that it leaves some void instrument or muniment of title outstanding and uncanceled. The distinguishing feature of this class of cases consists in the fact that the invalidity of the hostile cloud sought to be removed cannot be established except by a resort to evidence *aliunde* the record. *Pier v. Fond du Lac,* 38 Wis. 470; *Goodell v. Blumer,* 41 Wis. 436; *Smith v. Sherry,* 54 Wis. 114, 11 N. W. 465; *Smith v. Zimmerman,* 85 Wis. 542, 55 N. W. 956; *Davenport v. Stephens,* 95 Wis. 456, 70 N. W. 661; *Kruczinski v. Neuendorf,* 99 Wis. 264, 74 N. W. 974; *Gilchrist v. Foxen,* 95 Wis. 428, 70 N. W. 585. In view of her theory and position before the court, the suggestion that plaintiff is attempting to enforce a forfeiture is not strictly correct. She asserts that defendant defaulted in the conditions of the conveyance, and that her claim to the right of possession and defendant's denial of it operates as a re-entry and vests the title in her. Whenever parties can properly invoke the jurisdiction of equity, "in such a case the court does not lend its jurisdiction to effect a forfeiture. The rule in that regard is not violated. The forfeiture, or rescission as it is sometimes called, is

effected by the acts of the grantor, by his re-entry, or its equivalent, for condition broken." *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118; sec. 3079, Stats. 1898; *Maginnis v. Knickerbocker Ice Co.* 112 Wis. 385, 88 N. W. 300.

The question remains: Does plaintiff's case support her contention that she requires the aid of equity to have this property restored to her with a clear title? She alleges that the condition of the deed was broken, and she is for that reason entitled to have the actual possession restored to her. The complaint alleges a state of facts which shows that she seeks to recover the possession of real estate, the title to which has reverted to her by reason of a breach of a condition subsequent. To enforce this right it is necessary to establish the breach of condition alleged. Proof of such breach would entitle her to judgment declaring the conveyance had been forfeited and an award to her of the possession of the property. This procedure would enforce all her rights and accomplish the complete restoration of her rights as before the conveyance, and result in canceling the deed as of no further effect and therefore void. This would be a full, complete, and adequate remedy, enforceable in an action in ejectment. Under such circumstances the parties are left to enforce their rights in such an action at law. This was the course pursued in *Delong v. Delong,* 56 Wis. 514, 14 N. W. 591, which was a similar case, in that the grounds of relief were for breach of a condition in a deed providing for the support of the grantor. It has been repeatedly ruled from an early period that, if parties can enforce their rights to recover the possession of real property in an action in ejectment, equity will not aid them. *Clark v. Drake,* 3 Pin. 228; *Mills v. Evansville Sem.* 47 Wis. 354, 2 N. W. 550; *Lawe v. Hyde,* 39 Wis. 345; 1 Pomeroy, Eq. Jur. (3d ed.) § 459, and cases cited; *Donnelly v. Eastes,* 94 Wis. 390, 69 N. W. 157.

We are persuaded that the court erred in not holding, as

asserted by defendant at the first opportunity, that plaintiff
has a complete and adequate remedy at law.   This neces-
sarily calls for a reversal of the judgment and the dismissal
of the action. It is therefore unnecessary to consider whether
the evidence and findings support the judgment.

*By the Court.*—The judgment appealed from is reversed,
and the cause remanded to the circuit court with directions
to award judgment of dismissal of the action.

The following opinion was filed January 23, 1907:

MARSHALL, J. (*concurring*).   I will state a few proposi-
tions, unaccompanied by discussion, which it seems govern
this case.

1. Where the holder of the legal title to land is out of pos-
session and another adversely withholds the same under claim
of title, the former need not, necessarily, sue in equity to vin-
dicate his right because the invalidity of the latter's claim
must be established by evidence *aliunde* the record.

2. In the situation stated, there being no circumstance
making the case classible under a recognized head of equity
jurisprudence, the true owner cannot properly sue in equity
to avoid his adversary's claim and regain possession.

3. In such situation the mere fact that the hostile claim
appears of record and as a cloud on the true title does not en-
title the true owner to use equity jurisdiction to regain posses-
sion, since an action at law will remedy the wrong and inci-
dentally remove the cloud, but the case is otherwise where the
hostile title is founded on fraud which must be established
by evidence *aliunde* the record.   It is fraud or some other
efficient circumstance which justifies the use of the equitable
remedy.   *Burrows v. Rutledge,* 76 Wis. 22, 25, 44 N. W.
847.

4. In such situation if the holder of the legal title is such
by forfeiture of his adversary's title for breach of condition

subsequent, which breach, but not the condition, must be established by evidence *aliunde* the record, no question of fraud or other efficient question, such as mistake, being involved, such holder may sue at law to regain possession of the property.

5. In the situation last above indicated, except that the condition subsequent is not contained in the deed or any instrument forming a part of an entire transaction including the deed but which must be established by implication from the circumstances, as in case where a person makes a conveyance in the ordinary form, the real consideration, however, being personal attention and support of the grantor by the grantee, the person who shall have regained title by breach of condition subsequent must sue to regain the property, in equity, but solely on the ground that the condition itself is a discovery, so to speak, only competent to be made and declared by that jurisdiction.

6. The distinction between *Delong v. Delong,* 56 Wis. 514, 14 N. W. 591, and similar cases, and *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118, and similar cases, is that in the former the condition subsequent was declared by the parties in writing as a part of the transaction which included the making of the deed, while in the latter the condition was declared by the court as an implication from the circumstances which equity jurisdiction, by a rule of construction, so to speak, peculiar to itself, could determine was the intention of the parties.

This case belongs to the first class, hence the action in equity was improperly brought. To sustain it would violate the constitutional guaranty of the right of trial by jury.

Winslow, J.   I concur in the views expressed by Mr. Justice Marshall.