Durbin v. Knox, 132 Wis. 608.

Durbin, Respondent, vs. Knox, Appellant.

*September 5—September 24, 1907.*

*Quieting title: Canceling tax certificate: Amendment of pleading: Change in cause of action: Disclaimer: Costs.*

1. In an action to cancel a pretended certificate of tax sale of plaintiff's land, where the complaint did not allege that the land was in plaintiff's possession, but there was no demurrer and his possession was proved without objection at the trial, the court had power in its discretion to allow the complaint to be amended so as to make it conform to the facts proven and meet the requirements of sec. 3186, Stats. (1898), and to grant relief under that section.

2. To bring himself within the exception provided for in sec. 3186, Stats. (1898), entitling him to costs, defendant must release all claim to the land in controversy as well as disclaim title thereto.

Appeal from a judgment of the circuit court for Milwaukee county: Lawrence W. Halsey, Circuit Judge. *Affirmed.*

*Charles T. Hickox,* for the appellant.

For the respondent the cause was submitted on the brief of *James D. Shaw.*

Winslow, J. This is an action in equity brought by the owner of real estate to cancel a certificate of tax sale thereof, which the defendant claimed to hold, on the ground that the taxes had in fact been paid. The defendant answered admitting that he held such a tax certificate and alleging that the same was valid, and further claiming that the plaintiff had an adequate remedy at law by presenting his tax receipt to the county treasurer under the provisions of sec. 1156, Stats. (1898). The action came to trial, and after the first witness had been examined in chief the defendant discovered that he had been mistaken in his claim and that the tax certificate which he held in fact covered land adjoining the plaintiff's land. He then asked leave to withdraw his

answer and file an amended answer disclaiming any right or claim, which leave the court granted. Further testimony was taken, by which it appeared, without objection, among other things, that the plaintiff was in possession of the premises in question. The amended answer or disclaimer was prepared and filed, and at the close of the trial the plaintiff moved to amend his complaint by alleging possession of the premises and adding a prayer that his title be adjudged clear and free from any adverse claim of the defendant. Judgment was rendered establishing the plaintiff's title against any claim of the defendant, and for costs, from which judgment the defendant appeals.

We have been unable to discover wherein the judgment is unwarranted or inequitable. The defendant served a formal written notice upon the plaintiff, claiming that he possessed a tax certificate upon plaintiff's premises and should apply for a tax deed thereon. The plaintiff thereupon commenced this action in equity to cancel the pretended certificate. The complaint as at first framed did not meet the requirements of sec. 3186, Stats. (1898). It did not allege either that the land was in plaintiff's possession or that it was vacant or unoccupied, as required by the section cited. It seems to have been framed with intention to invoke the inherent equity powers of the court to remove a cloud on the title of land where the invalidity of the instrument or claim constituting the cloud must be shown by evidence *aliunde* the record. *Pier v. Fond du Lac,* 38 Wis. 470; *Davenport v. Stephens,* 95 Wis. 456, 70 N. W. 661. Whether the complaint stated a good cause of action of this nature may be doubtful, but the question is not material. It was not challenged by demurrer, and evidence of plaintiff's possession was received without objection. Thus all the facts entitling the plaintiff to relief under sec. 3186 were before the court without objection, and the court had ample power in its discretion to allow an amendment of the complaint to conform

to the facts proven, so long as the action was not thereby changed from an action in equity to one at law.  *Gates v. Paul,* 117 Wis. 170, 94 N. W. 55.

Complaint is made because costs were awarded to the plaintiff.  Sec. 3186 provides that if the plaintiff substantiate his title the defendant "shall be adjudged to release to him all claim to such land *and pay the costs of such action,* unless the defendant shall, by answer, disclaim all title to such land and *give a release* thereof to the plaintiff, in which case he shall recover costs unless the court shall otherwise order."  The defendant disclaimed but gave no release, and hence did not bring himself within the exception. '

*By the Court.*—Judgment affirmed.