WILLIAMS, Appellant, vs. CITY OF OCONOMOWOC, Re-
spondent.

*January 8—April 30, 1918.*

*Deeds: Conditions subsequent: Validity: Breach: Re-entry: Action at
law or in equity? Ejectment: Pleading: Practice: Grant to
"charitable use:" Public park: Suspension of power of aliena-
tion.*

1. One who claims title to land by reason of the breach of a condi-
   tion subsequent contained in a conveyance thereof should pro-
   ceed by an action at law; but if his complaint states facts con-
   stituting a cause of action in ejectment, a demurrer thereto
   should be overruled, even though the prayer be for equitable
   relief.
2. A complaint in such case containing no formal allegation that
   there has been a re-entry on account of the breach of condition
   does not state a good cause of action in ejectment.
3. If the facts stated in a complaint constitute a cause of action it
   is immaterial whether it be at law or in equity, except for the
   purpose of determining whether the parties are entitled to a
   jury trial under sec. 5, art. I, Const.; and that question (in-
   cluding the question whether plaintiff has an adequate remedy
   at law) may be raised by motion to place upon the court or
   jury calendar, or to strike therefrom, as the case may be.
4. Land conveyed to a municipality for a public park is given or
   granted to a "charitable use," and conditions annexed to the
   grant are not subject to the restrictions contained in secs. 2038,
   2039, Stats., in respect to the suspension of the absolute power
   of alienation.

APPEAL from an order of the circuit court for Waukesha
county: MARTIN L. LUECK, Circuit Judge. . *Affirmed.*

The complaint alleges the corporate character of the de-
fendant; that the plaintiff and one Lora L. Van Alstine
were on the 24th day of December, 1910, the owners in fee
simple of the lands described; that on said date the plaintiff
and the said Lora L. Van Alstine entered into a written
agreement with the defendant in the form of a proposition
and acceptance thereof by the common council for the dedi-
cation of the lands hereinafter described as a public park,

and pursuant thereto the plaintiff and Lora L. Van Alstine made, executed, and delivered the following conveyance:

"Now, therefore, in consideration of one dollar in hand paid to said grantors by said grantee, and in consideration of the obligation and covenants of said grantee, as hereinafter stated, the said grantors do grant, bargain, sell and convey and warrant unto said grantee, to have and to hold unto its sole use forever, the real estate described as lots twenty-two (22), twenty-three (23), twenty-four (24), twenty-five (25), of Westover's plat of the Summit addition to the village (now city) of *Oconomowoc,* in Waukesha county, Wisconsin, upon the terms and conditions as follows:

"The said grantee, by the acceptance of this conveyance, covenants with the grantor and with the heirs at law of the said *Louise C. Williams, in esse* or hereafter born, as follows: The grantee will, within two years from this date, fill said lots to a grade equal to or somewhat higher than the proper grade of Silver Lake street adjoining said lots. Will fill said premises with soil, ashes, and street scrapings, and will never permit them to be used for dumping unsightly rubbish or old iron, tin, garbage, or other nuisance. Will immediately after filling said lots convert them into a park for the use of the public. Will permit no buildings other than those appropriate for a park for public use to be ever erected or maintained thereon. Will name said premises 'Westover Park' and will never change the name thereof. Will never alienate, convey, or lease said premises to any private person or persons or corporation. Will never permit or suffer intoxicating liquors to be sold, brought, used, or given away thereon. If the grantee shall fail to perform any of its covenants herein, the title and possession of said lots and all improvements thereon shall immediately revert to the said *Louise C. Williams,* or to her heirs at law."

Such conveyance was duly executed, acknowledged, accepted by the defendant, and recorded.

The complaint then alleges that the lands described in the instrument constitute a single body of land and are vacant and unoccupied; that the defendant failed and neglected to

fill said premises to grade within two years from the date of the conveyance; that the defendant has not at any time converted said premises into a park for public use; that said premises have never been used as and for a park; that the defendant has permitted the surface of said premises to remain in a rough, uneven condition, with patches of noxious weeds and other offensive growth, and that clusters of limbs from trees lie upon it, and that numerous trees of original swamp growth, repulsive in aspect, remain thereon; that the defendant has abandoned the dedication of said premises, and has wholly failed to perform the conditions and covenants contained in said conveyance, and that the title thereto has reverted to the plaintiff, and that the recorded conveyance constitutes a cloud upon plaintiff's title.

The defendant demurred to the complaint upon three grounds: (1) That the plaintiff had an adequate remedy at law; (2) that the complaint did not state facts sufficient to constitute a cause of action; and (3) that there was a defect of parties plaintiff. The demurrer was sustained by the trial court, with leave to plaintiff to amend. From the order sustaining the demurrer plaintiff appeals.

For the appellant there was a brief by *J. Henry Westover* of Oconomowoc, and oral argument by *C. H. Van Alstine* of Milwaukee.

*Timothy T. Cronin* of Oconomowoc, attorney, and *Oliver S. Rundell* of Madison, of counsel, for the respondent.

The following opinion was filed February 5, 1918:

ROSENBERRY, J. From the facts set forth in the complaint it appears that plaintiff claims title to said premises by reason of the breach of a condition subsequent contained in the deed, and in such circumstances this court has held that the plaintiff should proceed by an action at law. *Mash v. Bloom,* 130 Wis. 366, 110 N. W. 203, 268. However this may be, the facts necessary to state a good cause of ac-

tion in ejectment appearing, the court should not have sustained the demurrer, but should have overruled it. Sec. 2649a, Stats. 1917. The prayer for relief is no part of the cause of action. *North Side L. & B. Soc. v. Nakielski,* 127 Wis. 539, 106 N. W. 1097. Where the facts stated in a complaint constitute a cause of action, it is immaterial whether it be at law or in equity, except for the purpose of determining whether the parties are entitled to a jury trial, in accordance with the provisions of sec. 5, art. I, Const. Formerly the objection that the plaintiff who set up facts constituting an equitable action had an adequate remedy at law was waived unless raised by demurrer or answer. *Boorman v. Sunnuchs,* 42 Wis. 233, 247. Under present practice the better procedure is to raise the question by motion to place upon the court or jury calendar, or to strike therefrom, as the case may be. 31 Cyc. 291. Pleading is no longer like a checker game—one in which the most skilful player wins. The pleader may now jump both ways without first getting into the king row.

The proposition that there is a defect of parties plaintiff was practically abandoned upon the argument.

The defendant claims that the complaint does not state a cause of action for the reason that by the terms of the conveyance the power of alienation is suspended for a longer time than is permitted by secs. 2038 and 2039, Stats. Defendant frankly admits that if its contention in this respect is upheld, prior decisions of this court must be in effect overruled. While a learned argument has been presented on that proposition, we shall not further consider it here, because, the conveyance here being for a charitable use, a public park, secs. 2038 and 2039 do not apply. 11 Corp. Jur. 325, § 36 and cases cited; 5 Ruling Case Law, 339 and cases cited; Bouv. Law Dict. Charitable Uses (Rawle's Rev.).

Since the decisions in *Danforth v. Oshkosh,* 119 Wis. 262, 97 N. W. 258, and *Beurhaus v. Cole,* 94 Wis. 617, 69 N. W.

986, sec. 2039, Stats., has been amended by the insertion of the words "to a charitable use or" (ch. 511, Laws 1905), and hence those decisions are no longer applicable. In this connection we call attention to the provisions of sec. 1787e, which provides that all gifts to public park corporations shall be devoted to park purposes without being subject to the limitations and restrictions provided by law in other cases. Sec. 2263 also provides that where lands are designated upon any plat as donated to the public or other grantees therein named, it shall be deemed a sufficient conveyance, and lands so conveyed shall be held by the grantees in trust for the uses and purposes set forth in the plat and for no other. Under such a conveyance there would be a complete suspension of the power of alienation. The legislative policy of the state as to lands conveyed for park purposes is clear and consistent. It must be held that the conditions annexed to the grant are valid and that the facts alleged in the complaint state a cause of action.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.

The respondent moved for a rehearing, and the following opinion was filed April 30, 1918:

ROSENBERRY, J. It is stated in the opinion in this case, *ante,* pp. 283–84, 166 N. W. 322, "the facts necessary to state a good cause of action in ejectment appearing, the court should not have sustained the demurrer, but should have overruled it." It is called to our attention that the complaint contains no formal allegation that there has been any re-entry on account of the breach of the condition subsequent, and that therefore the complaint does not state a cause of action in ejectment, citing *Mash v. Bloom,* 133 Wis. 646, 114 N. W. 457.

Upon re-examination of the complaint it appears that this

position is well taken.    Therefore the demurrer should have been sustained, with leave to the plaintiff to amend her complaint if she so desires.    The mandate will be modified accordingly.

*By the Court.*—Motion denied, without costs.    The order appealed from is affirmed, and the cause is remanded for further proceedings in accordance with this opinion.