POPP, Appellant, vs. FROELICH and others, Respondents.

*November 9—December 8, 1936.*

*C. B. Dillett* of Shawano, for the appellant.

For the respondents there was a brief by *David H. Winter,* attorney, and *Eberlein & Larson* of counsel, all of Shawano, and oral argument by *Mr. Winter* and *Mr. M. G. Eberlein.*

NELSON, J.   The facts are not in dispute.   For many years prior to March 8, 1934, the defendant Ernest Froelich and Lizzie Froelich, his wife, resided on a farm in Shawano county.   The farm belonged to Lizzie Froelich.   Ernest Froelich owned no real estate.   On December 20, 1930, Ernest Froelich made, executed, and delivered to the plaintiff his promissory note, wherein and whereby, for value received, he promised to pay to the plaintiff, six months after date, the sum of $300, together with interest.   On March 13, 1934, Lizzie Froelich, who was then seriously ill and about to undergo a major surgical operation, asked that Mr. Eberlein, her attorney, be requested to come out to her farm that she might dispose of her property in accordance with her wishes, before going to the hospital.   Mr. Eberlein responded to the call.   He arrived at the Froelich farm about 9 o'clock in the evening.   Mrs. Froelich was in a bedroom just off of

the living room where six or eight people were congregated. During all of the time that Mrs. Froelich was consulting Mr. Eberlein and he was counseling her, Ernest Froelich, her husband, and E. J. Froelich, her son, were present. The door between the bedroom and the living room remained open. Mrs. Froelich told Mr. Eberlein that she owned the farm consisting of one hundred twenty acres, and also some of the personal property situated thereon; that the farm was subject to a large mortgage; that she wanted to have papers made out which would give the farm to her son, the defendant E. J. Froelich, but subject to an agreement on his part to support her husband. Mr. Eberlein's stenographer was not with him. The ambulance was to come to take Mrs. Froelich to the hospital at 10 o'clock. Mr. Eberlein suggested several courses that might be pursued to carry out her wishes: (1) That she make a will; (2) that she deed the farm to her son and have him execute a contract or bond for the support of her husband. Either course would require much more time to prepare the papers than was available. Under the circumstances, Mr. Eberlein suggested that she convey her property to her husband for the sole purpose of carrying out the oral agreement then and there to be made, namely, that in case she died the husband would convey the farm to the son, who would accept it and enter into a contract or bond for the support of the husband. A deed was thereafter drawn, executed, and delivered to the husband with the distinct understanding that it was given for the sole purpose of having him convey the lands described therein to the son, and with the express agreement on the part of the son that he would accept a deed and execute a bond for the support of his father. Mrs. Froelich was absolutely satisfied. Mr. Eberlein testified that it would have been physically impossible in the time available for him to draw a suitable will or a deed and bond for support. The deed prepared by Mr. Eberlein was an ordinary warranty deed which, according to its terms, conveyed an absolute title to

Ernest Froelich. There were no words contained therein to indicate that the farm was conveyed in trust. It was conceded by the plaintiff's attorney, for the purpose of shortening the trial, that other witnesses apparently present in court would corroborate the testimony of Mr. Eberlein, if produced as witnesses. Mrs. Froelich died on March 18, 1934, about five days after making the deed. On August 3, 1934, Ernest Froelich conveyed the farm to E. J. Froelich and Grace Froelich, and on the same day E. J. Froelich and Grace Froelich executed a bond for the support of Ernest Froelich and a mortgage to secure it. All of the documents executed on August 3d were recorded on the same day in the office of the register of deeds of Shawano county. Thereafter, in 1935, suit was commenced by the plaintiff against the defendant Ernest Froelich on the note hereinbefore mentioned. Judgment was entered in said action on March 16, 1935, in favor of the plaintiff. The judgment was duly docketed. An execution issued thereon was returned wholly unsatisfied on April 9, 1935. The court found the facts substantially as stated, and that Ernest Froelich carried out the terms and conditions of the agreement with his deceased wife in good faith; that Ernest Froelich at no time had such an interest in the property as might be subjected to the rights of creditors; that Ernest Froelich did not at any time obtain any credit on the strength of his apparent ownership of the property; that the conveyance made by him to E. J. Froelich and Grace Froelich was not made with intent to hinder, delay, or defraud his creditors or the plaintiff, and that the transactions could not be stamped with the badge of fraud. The court concluded, so far as is here material, that the conveyance of the farm by Ernest Froelich on August 3, 1934, to E. J. Froelich and Grace Froelich, was not made with any intention to defraud the plaintiff.

The plaintiff contends that, since the warranty deed from Mrs. Froelich to her husband was absolute in form, it conveyed an absolute title, and therefore parol evidence was in-

admissible to prove that the lands were conveyed upon trust. *Illinois Steel Co. v. Konkel,* 146 Wis. 556, 131 N. W. 842; *Felz v. Estate of Felz,* 170 Wis. 550, 174 N. W. 908. The plaintiff, however, is not asking to establish or defend a title based on such a deed as was the situation in the cases cited. He is attempting to prove that the lands were conveyed by Ernest Froelich to E. J. Froelich and Grace Froelich, without due consideration and with intent to hinder, delay, and defraud him. No authority need be cited to the point that in such a situation parol evidence is admissible to show all of the surrounding facts and circumstances calculated or tending to show good faith or to repel the assertion of fraud or fraudulent intent.

Had the court found that the deed from Ernest Froelich to E. J. Froelich and Grace Froelich was given with intent to delay, hinder, or defraud creditors, such finding clearly would be against the great weight and clear preponderance of the evidence. It is as clear as anything can be that it was the intention of Mrs. Froelich to convey the lands to her husband so that he might carry out her wishes and fulfil the oral agreement entered into by all of the parties concerned at the time the deed was executed. In our opinion the facts unquestionably show, as the trial court found, that Ernest Froelich was a mere intermediary through which the title passed to E. J. Froelich and Grace Froelich.

If an action were brought by the parties interested to reform the deed, it is very clear that reformation would have to be decreed. *Walden v. Skinner,* 101 U. S. 577; *Bunn v. Mitchell,* 27 N. J. Eq. 54; *Davenport v. Stephens,* 95 Wis. 456, 70 N. W. 661; *Sullivan v. Bruhling,* 66 Wis. 472, 29 N. W. 211.

If Ernest Froelich claimed absolute title to the lands, equity no doubt would decree a trust. *Davenport v. Stephens, supra;* 2 Pomeroy, Eq. Jur. §§ 1037–1043. Com-

pare, *Brook v. Chappell,* 34 Wis. 405. It is stated in the Restatement, Trusts, § 45, that:

"(1) Where the owner of an interest in land transfers it *inter vivos* to another in trust for a third person, but no memorandum properly evidencing the intention to create a trust is signed, and the transferee refuses to perform the trust, the transferee holds the interest upon a constructive trust for a third person, if, but only if,

"(a) The transferee by fraud, duress or undue influence prevented the transferor from creating an enforceable interest in the third person, or

"(b) The transferee at the time of the transfer was in a confidential relation to the transferor, or

"(c) The transfer was made by the transferor in contemplation of death."

When Ernest Froelich conveyed the lands, such conveyance had the effect of reforming the deed and supplied the place of, and was the equivalent in law to, a declaration of trust in the original deed. It related back to the execution of the original deed so as to pass title as of that date. *Main v. Bosworth,* 77 Wis. 660, 46 N. W. 1043; *Davenport v. Stephens, supra.* It is our opinion that the trial court was right in finding and concluding that the deed was not given by Ernest Froelich with the intention of hindering, delaying, or defrauding the plaintiff, but was truly given to carry out the purpose and intentions of Mrs. Froelich.

Whether the deed from Ernest Froelich to E. J. Froelich and Grace Froelich, together with the bond for support, constitutes a compliance with the wishes and purposes of Mrs. Froelich and a fulfilment of the oral trust, is a question in which the plaintiff, as a judgment creditor, can have no interest.

*By the Court.*—Judgment affirmed.