MASINO and others, Appellants, vs. SECHREST and others, Respondents.

*October 8—November 9, 1954.*

102

For the appellants there was a brief by *Arthur, Dewa, Nestingen & Tomlinson* of Madison, and oral argument by *Ray A. Tomlinson.*

For the respondents there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman*.

FAIRCHILD, C. J.  The questions to be determined on this appeal relate to the sufficiency of the complaint and the admissibility of evidence.  Does the complaint state a cause of action, and did the circuit court commit error in sustaining the respondents' demurrer to the offer of evidence by appellants and in granting the respondents' motion to dismiss the complaint?

Appellants assert the existence of a "constructive trust" favorable to them, arising out of the circumstances under which respondents acquired and now hold the legal title to the real estate involved; and contend that such a trust is raised in equity in respect of property which has been acquired originally without fraud and where it is against equity that it should be retained by the persons holding it.  The respondents stand on the proposition that where one purchases and pays for land and places the legal title in the name of another by having the seller convey to such other, the title to the land vests in the grantee free from any trust, although he took with the understanding that he was to convey to the purchaser's children.

The trial court bases its decision on sec. 231.07, Stats., which provides that:

"When a grant for a valuable consideration shall be made to one person and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment is made; but the title shall vest in the person named as the alienee in such conveyance, . . ."

The trial court, in its decision, finds in effect that because it is alleged in the complaint that the mother, Rose Masino, paid the purchase price, and that at her direction the deed

was put in the name of the eldest daughter and her husband without consideration, a resulting trust is pleaded; and that since resulting trusts are abolished by sec. 231.07, Stats., plaintiffs have no cause of action.

It is true that a purchase-money resulting trust arises at common law where one person pays the purchase price for land but has it deeded to another who gives him no consideration. Such a resulting trust arises in favor of the payor *merely* because he has paid the purchase price. An inference is made by law from the character of the transaction that the payor did not intend that the grantee should have the beneficial interest in the land. The result is that the beneficial interest springs back to the purchaser of the land. If the grantee refuses to reconvey, the *purchaser* may plead a resulting trust, in which case he has to show merely that he made the payment, in order to benefit from the inference implied by law; and it is for the grantee to prove that there was a gift meant if he wishes to rebut the presumption of law. Purchase-money resulting trusts were first abolished in this country by statute in the state of New York; and subsequently some other states have enacted similar statutes derived from the New York statute.

In a New York case, *Foreman v. Foreman,* 251 N.Y. 237, 241, 167 N. E. 428, Judge CARDOZO said: "The statute has put an end to the rule at common law that where a grant is made to one for a consideration paid by another *a trust results inevitably and always, by force merely of the payment,* irrespective of intention (*Garfield v. Hatmaker,* 15 N. Y. 475, 477; Scott, Resulting Trusts in Purchase of Land, 40 Harv. L. Rev. 675). The conveyance is operative according to its terms if nothing else is proved. The statute has no effect, however, on trusts constructively imposed as a consequence not of payment alone, but of payment in combination with other or extrinsic equities. As to this, the decisions are uni-

form and ample. 'It is only the common-law trust for the benefit of an individual from whom the consideration for a grant issues, and resulting from the fact of payment of the consideration, *and having no other foundation,* that the statute abolishes' (*Carr v. Carr,* 52 N. Y. 251, 260; *Gage v. Gage,* 83 Hun, 362; *Jeremiah v. Pitcher, supra* [26 App. Div. 402; affd., 163 N. Y. 574]; *Leary v. Corvin, supra* [181 N. Y. 222, 229]; *Wood v. Rabe, supra* [96 N. Y. 414]; Scott, Conveyances upon Trusts not Properly Declared, 37 Harv. L. Rev. 653, 661, 669; Costigan, The Classification of Trusts, 27 Harv. L. Rev. 437; cf. as to resulting trusts, Perry on Trusts, sec. 124, and as to constructive trusts, the same author, sec. 166).

"Enough and ample there is here to put the case for the plaintiff in the field uncovered by the statute. His equity does not grow out of payment and nothing more. It is reinforced by words of promise, by the relation of man and wife, and by unequivocal acts of confirmation and performance. In such circumstances, the plastic remedies of the chancery are moulded to the needs of justice."

However, a *resulting trust* can arise only in favor of the *payor* by reason of his payment; it cannot arise in favor of a third-party beneficiary. And appellants here do not contend that a trust results in favor of Rose Masino (or her heirs), the person who allegedly paid the purchase price. Appellants make the following allegations (in part):

". . . following her [the mother's] death the said defendants in violation of the trust and confidence placed in them and with intent of unjustly enriching themselves, fraudulently claimed the property herein described to be their own to the prejudice of the plaintiffs herein and contrary to the oral trust imposed by the said Rose Masino prior to her death.

"That said actions of the said defendants in claiming title to said properties are contrary to the intentions of the deceased and the understanding of said defendants and is such

an abuse of the confidence reposed in them by the deceased as to constitute unconscionable conduct which in equity and good conscience said defendants should not be permitted or allowed to enjoy; that said defendants should not be permitted to claim the purchase of such lands to their unjust enrichment where another has paid valuable consideration therefor and where said defendants have violated the confidence and duty to perform the trust reposed in them by the said deceased; that such conduct is inconsistent with the character of a purchaser."

It is clear that what is being pleaded here is a constructive trust based on unjust enrichment. In the instant case, the statute of frauds prevents the enforcing of an express trust showing the affirmative intent of the parties because there was no written manifestation of the alleged agreement. From its origin one of the most important uses of the trust has been for the purpose of settling family affairs. Such agreements were often in parol, and where an unenforceable agreement in parol is attended by certain special circumstances, equity resorts to the remedial device of a constructive trust to accomplish justice. The underlying principle of a constructive trust is the equitable prevention of unjust enrichment which arises from fraud or the abuse of a confidential relationship. ". . . a constructive trust arises if, but only if, it is shown that the transferee was guilty of fraud or the abuse of a confidential relationship, or if the transfer was made in contemplation of death, or is in the nature of a mortgage." 3 Scott, Trusts, p. 2358, sec. 481.3. See *Krzysko v. Gaudynski,* 207 Wis. 608, 242 N. W. 186; *Schofield v. Rideout,* 233 Wis. 550, 290 N. W. 155. In *Popp v. Froelich,* 223 Wis. 168, 172, 270 N. W. 38, Mr. Justice NELSON, in discussing a transfer of absolute title to land, said: "If Ernest Froelich claimed absolute title to the lands, equity no doubt would decree a trust." Among other references, he quoted from Restatement, 1 Trusts, p. 140, sec. 45:

"(1) Where the owner of an interest in land transfers it *inter vivos* to another in trust for a third person, but no memorandum properly evidencing the intention to create a trust is signed, and the transferee refuses to perform the trust, the transferee holds the interest upon a constructive trust for the third person, if, but only if,

"(a) the transferee by fraud, duress, or undue influence prevented the transferor from creating an enforceable interest in the third person, or

"(b) the transferee at the time of the transfer was in a confidential relation to the transferor, or

"(c) the transfer was made by the transferor in contemplation of death."

The statutes applicable to the instant case are sec. 240.06 and sec. 240.07 of the Wisconsin statutes. Sec. 240.06 provides:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands or in any manner relating thereto shall be created, granted, assigned, surrendered, or declared unless by act or operation of law or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same or by his lawful agent thereunto authorized by writing."

Sec. 240.07, Stats., states the exceptions to that ruling:

"Section 240.06 shall not be construed to affect in any manner the power of a testator in the disposition of his real estate by a last will and testament nor to prevent any trust from arising or being extinguished by implication or operation of law."

Under the allegations, the daughter, Mary Masino Sechrest, and her husband knew of the mother's wishes and accepted the deed with the understanding that the mother desired to "maintain her property for the benefit of her children." When the mother placed the deed in her eldest

daughter's name and that of her husband, she was relying upon more than a bare parol promise made by a grantee to a grantor. The confidence which the mother reposed in her eldest daughter had its origin in their relationship, and that relation was a moving cause in influencing the mother to place the deed in the names of the eldest daughter and her husband for the benefit of all of her children. It is alleged that the daughter admitted that the property herein referred to was the property of the deceased, Rose Masino; and that there was no attempt on the part of Mary Sechrest or her husband to claim said property prior to the death of the mother. However, after her mother's death, Mary Sechrest, and her husband, repudiated the oral understanding under which they received the deed, and claimed the property as their own. Where, in a settlement of family affairs, then, the mother deeded land to her eldest daughter and her husband to be held in trust for "the benefit of her children" under an oral understanding, and where the trustees repudiate the agreement, the children, as beneficiaries, upon the mother's death, have an equitable claim on the *trust res* which they may realize through equity's provision for imposing a constructive trust based on unjust enrichment.

Equity regards as wrongful acts to which it attributes the same or similar effects as those which follow from actual fraud, and grants the same or similar relief as is granted in cases of real fraud. Even if Mary Sechrest and her husband did not actively procure the conveyance, under the allegations their fraud consisted in their holding the property contrary to the terms of the agreement, and they were guilty of constructive fraud upon the mother, Rose Masino, and of tort upon the other children of the family who were the intended beneficiaries.

In 3 Scott, Trusts, p. 2364, sec. 486, it is said that "Where B obtained the land by a promise which he never intended to

perform, it is held that he holds the land upon a constructive trust for C. The same result has been reached in many cases where B was at the time of the conveyance in . . . confidential relation to A." In the same text, vol. 1, p. 268, sec. 45.2, it is also said:

"Where A transfers land to B who orally agrees to hold it in trust for or to convey it to C, and at the time of the transfer B is in a confidential relation to A, it is held that B can be compelled to hold the land upon a constructive trust for C. . . . Where, however, B did not obtain the property by undue influence, and is guilty only of an abuse of the confidential relation in subsequently failing to perform his promise, it is more difficult to say that he thereby commits a tort to C. Undoubtedly he should not be permitted to keep the land, since he would be *unjustly enriched* if he were permitted to keep it; but it is arguable that he should hold it upon a constructive trust for A rather than for C. *It is held,* however, without much consideration for the niceties of the question involved, that C rather than A is entitled to the land." (Emphasis supplied.)

Since a constructive trust, which is based on unjust enrichment, is construed from the circumstances surrounding the transaction, independent of the intention of the parties, parol evidence of the agreement is admissible, not to enforce the agreement, but to prove that the grantee has been unjustly enriched by his repudiation of the agreement. The proving of the contract is incidental. The purpose of the parol evidence is to prove unjust enrichment, and in the instant case, the unjust enrichment is alleged to have arisen from a breach of an agreement arising out of a confidential relationship. "It is not the promise only, nor the breach only, but unjust enrichment under cover of the relation of confidence, which puts the court in motion." *Sinclair v. Purdy,* 235 N. Y. 245, 253, 139 N. E. 255.

The trial court recognizes the element of confidential relationship existing between Mary Masino Sechrest, the grantee, and Rose Masino, the grantor, where he says: "It [the deed] was placed in their names by the direction or request of Rose Masino, *because of the trust and confidence she reposed in them.*" He then adds: "Such confidential . . . relationship is not essential to establish a constructive trust. The essential element is that the transfer must be induced by fraud, duress, or undue influence." But confidential relationship as an element of fraud is one of the grounds for raising a constructive trust based on unjust enrichment; and it is present in the allegations of this case.

With reference to the importance of confidential relation, and because our law has followed enactments of New York, we call attention to a ruling made by the New York court of appeals in *Goldsmith v. Goldsmith,* 145 N. Y. 313, 316, 39 N. E. 1067, in affirming a lower court ruling where a mother conveyed to her son her house and lot, he giving no other consideration than a verbal promise to hold the premises for the benefit of the mother and the other children and to give the latter shares therein. The court said: "It is quite evident that this was an arrangement founded upon the relation of mother and son, and brothers and sisters, involving the trust and confidence growing out of that relation, and intended as a settlement of the family affairs."

We are of the opinion that the complaint states facts sufficient to constitute a cause of action for relief in equity under a constructive trust, and that the plaintiffs are entitled to their day in court.

*By the Court.*—Judgment reversed. Cause remanded for trial of the issues in accordance with this opinion.