SUTTER and wife, Respondents, v. DEPARTMENT OF NATURAL RESOURCES and others, Appellants.*

*No. 150. Argued October 30, 1972.—Decided November 28, 1972.* (Also reported in 202 N. W. 2d 24.)

* Motion for rehearing denied, without costs, on January 30, 1973.

For the appellants the cause was argued by *Roy G. Mita,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the respondents there was a brief by *Cohen, Grant & Liebmann* and *Gregory B. Conway,* all of Green Bay, and oral argument by *Mr. Conway.*

HANLEY, J.  The primary issue presented on this appeal is whether it was error for the trial court to grant the plaintiffs judgment of rescission.

The trial court determined that the letter sent by Main to the Sutters through their attorney on March 13, 1968, was a unilateral attempt on its part to require performance by the Sutters substantially inconsistent and different from the terms and provisions of the original contract.

There is no question that where the vendee of real estate has substantially breached his part of the contract by not providing the required performance pursuant to the conditions of the agreement, that the vendor is entitled to rescission.[1]

Where, however, the vendor has executed his part of the contract, the mere fact that the vendee has failed to perform a promise bargained for under the terms of the contract will not entitle the vendor to rescission.

This rule regarding conveyances executed as to the vendor is set forth in 55 Am. Jur., *Vendor and Purchaser,* p. 1013, sec. 620, where it is stated:

"The mere failure by a grantee to perform a promise which formed the whole or a part of the consideration inducing an executed conveyance gives rise to no right of rescission in the grantor, either at law or in equity, unless such promise amounts to a condition, and in case the language or intention is doubtful, the promise or obligation of the grantee will be construed to be a covenant,

[1] *Anderson v. Nelson* (1968), 38 Wis. 2d 509, 516, 157 N. W. 2d 655.

limiting the grantor to an action thereon, and not a condition subsequent with the right to defeat the conveyance. A conveyance of real estate, fully executed on the part of the grantor, cannot be set aside for a failure of consideration, on the sole ground that the promises and agreements which induced its execution, and which by the terms of the contract under which the deed is made were not to be performed until after its execution, have not been performed. Thus, failure to pay the agreed price for a tract of land, or to redeem a promise which constitutes the consideration for the conveyance, furnishes no ground for its cancelation."

Other authorities have likewise given similar statements of this rule,[2] and this court has adhered to it in several very early cases. *Mash v. Bloom* (1907), 130 Wis. 366, 110 N. W. 203, 110 N. W. 268; *Mootz v. Petraschefski* (1908), 137 Wis. 315, 323, 118 N. W. 865; *Ellis v. The Southwestern Land Co.* (1899), 102 Wis. 409, 78 N. W. 583.

Although no recent case from our state can be found on point, the Texas Civil Court of Appeals stated the rule clearly in the case of *Rhiddlehoover v. Borden* (Tex. Civ. 1953), 260 S. W. 2d 431, where at page 434 it is stated that:

" 'When the stipulated purchase price has not been paid, a vendor who has given an absolute conveyance, without retaining an express lien, may sue for the debt and enforce an implied lien upon the property as against the original purchase or a subsequent purchaser or encumbrancer with notice. But he is not entitled to rescind the sale and recover the property.' "

---

[2] 2 Black, *Rescission and Cancellation* (2d ed.), p. 1124, sec. 439: "[I]f the purchaser under an *executory* contract for the sale of land, upon being called upon to pay the price on the balance thereof, distinctly refuses to do so, the vendor may treat it as a repudiation of the contract, and thereupon rescind it." (Emphasis added.) 91 C. J. S., *Vendor and Purchaser*, p. 1071, sec. 133b: "If the contract has been executed, the vendor cannot rescind for default in the payment of the purchase money."

The above doctrine is sound. To hold that a vendor of real estate could, for a failure to pay the purchase money, repudiate his deed and recover the land, would render real estate titles dangerously uncertain with ensuing serious consequences.

We hold that the obligation of the state to make payment was in the nature of a covenant, not a condition, and, therefore, the plaintiffs could not reclaim the land itself on account of the nonperformance of the covenant by the state, but would be required to sue for the damages arising from the breach of the contract.

The judgment of the trial court is reversed and the cause remanded with directions to enter judgment on the counterclaim of the state for specific performance of the option at the agreed price, less the cost of timber cut since the date of the option in the amount of $314.68, and less any of the escrow funds applied to the benefit of the Sutters by reduction or satisfaction of the mortgage. Any interest earned on the escrow funds should be allowed to the plaintiffs.

*By the Court.*—Judgment reversed and cause remanded, with directions to enter judgment not inconsistent with this opinion.