SMITH, Respondent, vs. ZIMMERMAN, imp., Appellant.

*May 25 — June 21, 1893.*

*Executions: Homestead: Sale after judgment docketed: Action to quiet title: Possession.*

1. Certain land was occupied by the owner as his homestead at the time of the recovery and docketing of a judgment against him and thereafter until he contracted to sell it. Afterwards he assigned said contract and conveyed his interest in the land to another per-

son. *Held*, that the judgment did not become a lien upon the land, and no sale thereof on execution founded on such judgment could affect the rights either of the grantee or of the vendee in the land contract.

2. The grantee, though not in actual possession of the land, could maintain an action to restrain the sale thereof on such an execution, on the ground that such sale would create a cloud upon his title; and in such action he need not allege that the land was the homestead of the judgment debtor at the time of the issuing of the execution and its levy.

APPEAL from the Circuit Court for *Price* County.

The plaintiff claims in her complaint to be the owner in fee of lot 4, in block 4, in the village of Prentice, Price county, and to have derived title thereto by deed of conveyance from John and Emma Sanborn, who owned and occupied the premises as their homestead until October 4, 1890, when they entered into written contract to sell and convey the same to W. A. Durkee for the sum of $425, to be thereafter paid therefor, with interest. On the 8th of December, 1890, John P. and Emma Sanborn assigned this contract and their interest in the premises to the plaintiff, and executed to her a conveyance of said premises, the said Durkee then and still remaining in possession. September 19, 1890, and while said Sanborns owned and occupied said premises as a homestead, a judgment was recovered and docketed by the defendant *Zimmerman* against John P. Sanborn and one Dill; and he had issued and delivered to his codefendant Hunt, the sheriff of Price county, an execution upon which the latter had advertised said premises for sale, January 13, 1891, in order to satisfy said judgment, and would, it was alleged, unless restrained, sell said premises and issue a certificate of sale thereof as provided by law, which would be a cloud on the plaintiff's title. That said premises were exempt from sale on execution, being, at the time said judgment was docketed, owned and occupied as the homestead of the said Sanborn. The complaint

prayed for an injunction restraining such sale, and for general relief.

The defendant *Zimmerman* demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, but the circuit court made an order overruling the demurrer, from which the defendant *Zimmerman* appeals.

*G. E. Schwindt*, for the appellant, contended, *inter alia*, that by the contract to sell the land to Durkee, Sanborn placed the right of possession beyond his control and yet retained the legal title which became subject to the lien of the judgment.

*E. W. Hand*, for the respondent.

PINNEY, J. 1. The appellant contends that because the plaintiff was not in possession of the premises when she brought her action she cannot maintain it to remove a cloud upon the title. The action is not founded on the statute (S. & B. Ann. Stats. sec. 3186), but is an application to the inherent jurisdiction which courts of equity possess to prevent or remove clouds on title to land, and which they have exercised from a very early period. Evidence *aliunde* the record of the judgment becomes necessary to show that the premises in question, at the time of the recovery and docketing of the judgment by the defendant *Zimmerman*, were the homestead of the Sanborns, and that while it is an apparent lien it is in reality no lien or charge thereon. The Sanborns had a right thereafter to sell and convey their homestead, and the purchaser, the plaintiff, would take a valid title, free from the lien of the judgment. S. & B. Ann. Stats. sec. 2983. The plaintiff, as such purchaser, has a right to maintain this action to procure an adjudication declaring that the judgment in question is not a lien or charge on the premises she had purchased, and to prevent a sale thereof by any process depending for its valid-

ity solely upon the judgment, although she is not in actual possession; otherwise, she might be without adequate remedy. The point raised by the appellant has been so frequently decided that further discussion is not necessary. *Pier v. Fond du Lac,* 38 Wis. 479; *Goodell v. Blumer,* 41 Wis. 436, 442, and cases cited.

2. The allegations of the complaint are sufficient to show that the plaintiff is entitled to the relief she seeks. The only objection made is that the complaint does not show that the premises were the homestead of the Sanborns at the time of the issuing of the execution and its levy. This was not necessary. The execution and sale under it are but the means of carrying into effect the lien given by the statute. The statute makes judgments a lien on lands of the debtor, and no levy or seizure by the sheriff became or was necessary, and in practice there is no such thing as a levy of execution upon real estate. " All that is necessary to make a regular sale upon execution issued upon a judgment is to publish the notice of sale as required by the statute, and make the sale at the time mentioned in the published notice." *Shafer v. Phœnix Ins. Co.* 53 Wis. 361; *Hammel v. Queen's Ins. Co.* 54 Wis. 72. The seizure is already made when the execution comes to the sheriff's hands. *Wood v. Colvin,* 5 Hill, 230, 231. No entry of a levy upon the execution is necessary to perfect the sale. *Colt v. Phœnix F. Ins. Co.* 54 N. Y. 595. The exemption which existed when the judgment was docketed could not be impaired by a sale of the premises, but would extend to the proceeds derived from such sale, while held by the Sanborns with the intention to procure another homestead therewith, for a period not exceeding two years. By the agreement of sale of October 4, 1890, from the Sanborns to Durkee while the premises were clearly exempt, he became the equitable owner thereof, subject to the payment of the unpaid purchase money; the Sanborns holding the legal title as a

security merely for its payment. The plaintiff has succeeded to the rights of the Sanborns. No sale of the premises on execution founded on this judgment can affect the rights of either the plaintiff or Durkee in the least degree.

The circuit court properly overruled the defendant's demurrer.

*By the Court.*— The order of the circuit court is affirmed.