LIETZ and wife, Respondents, vs. BOGUMILL, Appellant.

*June 12—July 1, 1947.*

200

The cause was submitted for the appellant on the brief of *Lewis J. Charles* of Medford, and for the respondents on the brief of *Oscar Rademacher* of Medford.

FAIRCHILD, J. Homestead exemptions protect a resident owner against a loss of his homestead under execution, unless for the purchase price. Under the evidence referred to in the statement of facts, the findings and conclusions of the trial court are supported. The place was purchased with the *bona fide* intention of making it the homestead of the parties. The intention to exercise their privilege appears from their acts and the actual occupancy. All this gives the premises the

character of a homestead. The owners of that homestead have not abandoned it.

The homestead-exemption law of this state, sec. 272.20, Stats., is liberal in the protection it affords for the debtor who is the resident owner of property. The law specifically provides that the exemption is not impaired by temporary removal with the intention to reoccupy the premises. Nor is the exemption impaired by the sale of the property, for the proceeds of such a sale are exempt for two years when held for the purpose of acquiring a new homestead.

The courts in enforcing the provisions of sec. 272.20, Stats., have construed them liberally. *Binzel v. Grogan,* 67 Wis. 147, 29 N. W. 895. It has been held, for instance, that one who moves to another state, remaining there for some three years and voting there, did not necessarily thereby abandon his Wisconsin homestead. *Minnesota Stoneware Co. v. Mc-Crossen,* 110 Wis. 316, 85 N. W. 1019. A judgment docketed against the resident owner of a homestead does not become a lien on the property when the owner subsequently contracts to sell it and conveys his interest to a third party. *Smith v. Zimmerman,* 85 Wis. 542, 55 N. W. 956. Rural premises including fifteen cottages used for rental purposes and one cottage which was occupied by the owner, except during the winter months, was considered to be a homestead. *Roche v. Du Bois,* 223 Wis. 438, 271 N. W. 84. These cases illustrate how the homestead-exemption law of this state has been applied in the past, and they illustrate, too, the policy that must be considered in deciding the case at bar.

The plaintiffs did not intend to abandon the homestead they had established on the tavern premises. They did intend to sell those premises if they could. It is stoutly maintained that it was because of the uncertainty of a sale, developing because of defendant's judgment against Mr. Lietz, that the arrangement qualifying the property as a homestead was made and continued. Because of failing health Mrs. Lietz moved

to near-by property she had acquired, and arrangements were made for the prospective purchaser to operate the tavern. While making these necessary arrangements, the plaintiffs, nevertheless, did all they could to manifest their intention still to regard the tavern premises as their homestead.

*By the Court.*—Judgment affirmed.