Helen Wurl RECKNER, Plaintiff-Respondent,

v.

Leroy RECKNER, a/k/a Hardy Reckner, Defendant-Appellant.

Court of Appeals

*No. 80–2348. Submitted on briefs August 17, 1981.—*
*Decided November 17, 1981.*
(Also reported in 314 N.W.2d 159.)

For the appellant the cause was submitted on the briefs of *William E. Kaplan* of Wausau.

For the respondent the cause was submitted on the brief of *Trembath, Hess, Miller & Seidl, S.C.,* of Wausau.

Before Dean, Cane and Dykman, JJ.

DEAN, J.   In an action for partition, LeRoy Reckner appeals from an order directing judicial sale of property.[1]  The appeal raises two issues:

1. Is LeRoy Reckner entitled to a homestead exemption in a partition action under ch. 842, Stats., involving real estate titled to non-spousal joint tenants?
2. Did LeRoy Reckner waive his right to any exemption by failing to assert it before the judgment of partition, before attempts to sell the property privately and before the proceedings conducted under an order of judicial sale?

Because we conclude that Reckner is entitled to a homestead exemption against creditors, that he did not waive his exemption right to $25,000 proceeds from the sale, but that collateral estoppel bars him from upsetting the

---

[1] LeRoy has previously appealed the circuit court's judgment of partition. In that appeal, LeRoy raised additional issues.

sale, we reverse. Because we are unable to determine whether any creditors are subject to the exemption, we remand the case to the trial court.

LeRoy Reckner and Helen Wurl Reckner lived together for a period of approximately ten years.[2] Pursuant to a stipulation that was instrumental to the settlement of prior litigation, Helen and LeRoy were deeded a farm and held title to it in joint tenancy. In 1978, Helen abandoned the farm as her residence leaving LeRoy in possession of it.

Helen brought this action for partition against the property. The property was listed with a broker who was unable to sell it. The trial court entered judgment of partition, found that the parties agreed to the sale of the property, and ordered judicial sale of the property. At the judicial sale, LeRoy was the high bidder, but the sale became invalid because he was unable to complete the purchase. Prior to a second sale ordered by the court, LeRoy asserted an exemption for the dwelling and forty acres as his homestead. The trial court determined that LeRoy was not entitled to a homestead exemption and directed LeRoy not to interfere with the second sale. LeRoy sought to enjoin the sale pursuant to appeal of his right to a homestead exemption. This court denied LeRoy injunctive relief.[3] The farm sold for $147,100.[4]

[2] LeRoy and Helen were never married. LeRoy, in fact, has a wife, although they have lived apart since 1961. Helen adopted the name "Reckner" during her relationship with LeRoy.

[3] By order of this court dated Jan. 26, 1981.

[4] LeRoy perfected this appeal prior to the second sale. Since this court denied LeRoy's motion to enjoin the sale the sale occurred. The sheriff's report on the second judicial sale and any final orders of the trial court, however, have not been made part of the record on this appeal. The dollar amounts used in this statement of facts are taken from amounts identified in LeRoy's reply brief. Helen has not brought any error in these figures to the attention of the court. In any event, our disposition of this case does not depend upon their accuracy.

Helen received nearly $74,000, and LeRoy received $18,-714.16. LeRoy's $18,700 represents his share of the $147,100 sale price, less claims of creditors for which he was responsible. LeRoy contends that his homestead exemption affects the distribution of sale proceeds so that he receives the first $25,000. He calculates that Helen is entitled to only $67,700. He asks the court to order Helen to refund to him $6,300.[5]

For clarity and understanding, we emphasize three points. First, although partition actions are usually conceived as actions between co-owners, the statutory procedure provides for the concurrent settlement of claims between owners and third-party creditors.[6] Second, the

---

[5] In his arguments, LeRoy confuses the issues because he is unclear whether his claim is against Helen or against creditors. He states: "The quarrel here is between nonspousal joint tenants and not between the qualifying joint tenant and general creditors; LeRoy should have his homestead protected from his creditors and this can only be accomplished by resolving this appeal in his favor." [Appellant's brief, at 11]. He also states: "The objective of this appeal is to protect LeRoy's home from the claims of creditors. It is not a fight between LeRoy and Helen." [Appellant's reply brief, at 1].

[6] Chapter 842, Stats., governs "[p]artition of interest in real property." Section 842.01 defines "interest in real property." Section 842.02 provides a cause of action to persons having interests in real property jointly or in common. Section 842.04 provides that any co-tenant not joined as plaintiff must be joined as a defendant. Consequently, all persons with ownership interest in a property are parties to the action. In a simple case, a partition action serves to separate the partial and shared interests of more than one person in one property into distinct interests for each person in different properties.

Partition actions are not limited to separating the interests of co-owners. In many cases ch. 842 will require the court to proceed and adjudicate the rights of third parties who are not owners but who have claims against the property. Section 842.04 provides that if a judgment of partition will affect the interest of a tenant, lienholder or person in possession, then that person must also be joined. Lienholders are creditors with respect to the

sec. 815.20, Stats., homestead exemption is a statutory
right that a debtor may assert against some creditors.[7]
Third, the term "homestead" is ambiguous; it is used to
refer to a surviving spouse's interest in a home that is

owners, and they may be creditors with respect to any or all
of the co-owners. If the basis for partition is clear, the court may
order judgment partitioning the interests. Section 842.07, Stats.
If the basis is unclear, the court may, by means of a procedure
appointing a referee, conclude that the property must be sold.
*See* §§ 842.07–842.14, Stats. The court's order or judgment of
partition is conclusive on all parties to the action.

If the court orders sale of the property, § 842.17(2) provides
that a lienholder who consents to the sale shall have his interest
paid to him or set aside out of the proceeds of the sale before
distribution to partitioning co-tenants. If a lienholder does not
consent to the sale, §842.17(3) provides that the court may order
sale subject to the lien. Section 842.23 provides for the distribu-
tion of proceeds directly to lien creditors prior to the final distri-
bution to the co-owners and for the cancellation of liens that are
satisfied.

Chapter 842 contains other provisions; however, none of its pro-
visions expressly provide for a homestead exemption.

[7] Section 815.20 provides a homestead exemption to debtors that
they may assert against certain creditors. An exempt homestead
is a homestead selected by a resident owner and occupied by him.
Section 990.01(14) and 815.20, Stats. The homestead is exempt from
judgment liens and liability for the debts of the owners to the
amount of $25,000, except for mortgages, laborers', mechanics', and
purchase money liens and taxes. The section provides: "Such
exemption extends to the interest therein of tenants in common,
having a homestead thereon with the consent of the cotenants
. . . ." The section also provides that the "exemption shall not be
impaired by . . . the sale . . . [of the premises] but shall extend
. . . to an amount not exceeding $25,000, while held, with the in-
tention to procure another homestead therein, for 2 years."

Section 815.21 provides for the setoff of the homestead from
other property. The section permits the owner to retain the home-
stead property if its value is no more than $25,000. If its value is
greater than $25,000, the property will be sold, and the owner is
entitled to $25,000 in proceeds. The exemption is a right that
prevents a person from being deprived of the means to enjoy the
necessary comforts of life. *See* Wis. Const. art. I, § 17.

part of the deceased spouse's estate as well as the sec. 815.20 debtor's right.[8]

LeRoy asserted a homestead exemption right under sec. 815.20. Chapter 815, of which sec. 815.20 is a part, governs executions on judgments. Helen's partition action is governed by ch. 842. The trial court ruled that since ch. 842 did not provide for a homestead exemption, LeRoy was not entitled to a homestead exemption. Whether LeRoy may claim a sec. 815.20 homestead exemption in a partition proceeding is a question of law, and this court will review the trial court's decision without deference to its reasoning.[9]

We conclude that the homestead exemption may arise in partition actions for four reasons.[10] First, sec. 815.20 is a statutory expression of a public policy embodied in

---

[8] The term "homestead" is ambiguous. A surviving spouse retains a right to an elective share of the deceased spouse's estate, § 861.03, Stats., and a homestead is assigned to the spouse as part of the elective share unless it is disclaimed. Section 852.09, Stats. This right to assignment constitutes a homestead right for purposes of probate. It, and its predecessor rights in statute and at common law, are a separate and distinct usage for the term "homestead" right.

In the probate context, the homestead right is similar to the inchoate rights of dower and curtesy. Both of these inchoate rights, however, have been abolished by statute. *See* § 861.03, Stats.

The term "homestead" has additional usages. The Wisconsin Statutes also use the term for purposes of income tax relief programs. *See* § 71.09(7), Stats. For additional usages, *see* Black's Law Dictionary 660–61 (5th ed. 1980).

[9] *Lang v. Kurtz*, 100 Wis. 2d 40, 43–44, 301 N.W.2d 262, 264 (Ct. App. 1980).

[10] Both parties extensively rely upon authorities outside Wisconsin law. The question presented is a question of Wisconsin law, and the relevant statute is not part of a uniform law. Because of the uniqueness of the statute to Wisconsin, and because of the ambiguity of the term "homestead," we find these other authorities unpersuasive. *See In re Blodgett*, 115 F. Supp. 33, 37 (1953).

Wis. Const. art. I, § 17, that creditors should not be permitted to deprive a debtor of the necessary comforts of life. The Wisconsin Supreme Court has held that the homestead exemption is to be interpreted broadly to protect the homeowner.[11] A partition action may serve to adjudicate the claims of creditors against the homeowner. If we held that no homestead exemption exists in a partition action, then creditors could satisfy debts out of the proceeds of the partitions of a home even though the creditors could not otherwise execute a judgment against the home. This result would only serve to give a homeowner's creditors a windfall because of formalistic differences in the nature of the action as a partition action rather than the execution of a levy. The policy interest is more important than the formal difference in the type of action, and a broad interpretation of the homestead exemption supports the conclusion that a homeowner may claim the exemptions in a partition action.

Second, a homeowner may assert a homestead exemption against creditors to preserve the proceeds of a sale in a foreclosure action. Section 846.11, Stats. Although sec. 846.11 expressly refers to the homestead exemption, the absence of any reference to the homestead exemption in ch. 842 does not demonstrate a legislative intent to deny the right to a party to a partition action. Section 846.11 does not provide a right that is separate and distinct from the sec. 815.20 exemption. Section 846.11 merely expresses a legislative direction on the mechanics of incorporating the sec. 815.20 exemption into a foreclosure action. Because foreclosure is one type of real property action and the sec. 815.20 exemption right extends to this type of real property action, we conclude

---

[11] *Schwanz v. Teper*, 66 Wis. 2d 157, 163, 223 N.W.2d 896, 899 (1974); *Lietz v. Bogumill*, 251 Wis. 199, 202, 28 N.W.2d 320, 321 (1947).

that the legislature intended the exemption to apply, where appropriate, in all real property actions. The legislative failure to provide for the mechanics incorporating homestead exemptions in partition proceedings does not extinguish the right.

Third, sec. 815.20 extends the exemption to $25,000 in proceeds from the sale of a homestead when the proceeds are held with the intent to use the money to purchase another homestead. The Wisconsin Supreme Court has held that proceeds from a homestead may be exempt from creditors in cases of involuntary dispossession, such as bankruptcy[12] or fire.[13] Partition is no more than another form of involuntary dispossession, and LeRoy then should be entitled to an exemption for his proceeds so long as he meets the statutory requirements relating to procuring another homestead.

Fourth, sec. 840.02 provides that the general rules of procedure, chs. 801 to 847, apply to proceedings under chs. 840 to 846, unless otherwise provided.[14] No provi-

---

[12] *Blodgett*, 115 F. Supp. at 39.

[13] *Cavadini v. Larson*, 211 Wis. 200, 207, 248 N.W. 209, 211 (1933).

[14] LeRoy contends that the § 815.20 homestead exemption is incorporated by reference in ch. 842. He relies upon § 842.01, which incorporates interests in property identified in § 840.01, Stats., and § 840.01's express provision for "homestead" as an interest in property. We reject LeRoy's conclusion that § 840.01 refers to the § 815.20 homestead exemption and instead conclude that § 840.01 identifies the probate usage of "homestead" as an interest in property.

Because the term "homestead" is used for more than one separate and distinct statutory purpose, we interpret its meaning in this context. The purpose of §§ 840.01 and 842.01 is to identify interests in real property for purposes of real property actions under chs. 840 to 846. In § 840.01, the word "homestead" appears in a series of terms given as examples of "interests in real property." In the series, "homestead" is preceded by the terms "dower" and "curtesy." Since the terms "dower" and "curtesy" are closely related to the probate usage of "homestead," their

sion of ch. 842 bars the homestead exemption and, thus, the sec. 815.20 homestead exemption is incorporated by reference into real property actions. The provisions for sale of the property in ch. 842 modify the provisions for sale under sec. 815.21. We conclude that a party to a partition action may assert a homestead exemption as provided in sec. 815.20.

The trial court also determined that sec. 815.20 precluded LeRoy from claiming an exemption without Helen's consent. Section 815.20 provides, in part: "[S]uch exemption extends to the interest therein of tenants in common, having a homestead thereon with the consent of the cotenants . . . ." The trial court erred in relating the requirement of consent to the assertion of the exemption. In the statutory phrase, consent relates to permission to have a homestead on the property. The phrase uses the term "homestead" rather than the term "home-

---

proximity in the context suggests that "homestead" is used in its probate sense. In addition, § 276.01(2), Stats. (1971), a predecessor to § 842.01, stated: "[A] widow's homestead estate and widower's homestead estate shall be deemed estates for life." Former ch. 276, Stats. (1971), governed partition actions. By Laws of 1973, ch. 189, the legislature repealed those statutes and enacted ch. 812, Stats. (1973), to govern partition actions, which was subsequently renumbered ch. 842. The earlier statute clearly identifies the probate homestead right as an interest in property subject to real property actions. Since § 840.01 only uses the term "homestead" once, the better choice is that it refers to the probate right and not to the debtor's exemption. We conclude that the § 815.20 homestead exemption is not expressly incorporated by reference as an "interest in real property."

LeRoy's argument, however, is a red herring. For ch. 842, the purpose of the definition of "interest in real property" is to identify those persons who should be party to a partition action. In this case, LeRoy is unquestionably interested in the property because he is a joint tenant. The determination that the § 815.20 exemption is not identified in § 840.01 does not determine whether LeRoy may claim the right in a partition action.

stead exemption." We determine, as a matter of ordinary language, that it is not necessary to have the consent of tenants in common to claim a homestead exemption, although it is necessary for a tenant in common to consent for another tenant to establish a homestead.

In this case, LeRoy and Helen resided on the property together for several years. Their cohabitation represented mutual consent to establish a homestead on the property. A home is a relatively fixed establishment. Once consent is given among tenants in common and a tenant establishes a homestead, the existence of the homestead should not depend upon the whim of other tenants to withdraw consent.[15] We conclude that Helen and LeRoy consented to their establishment of their homestead for purposes of sec. 815.20, and it continued as LeRoy's homestead while he resided in the farm's dwelling.

In addition, the trial court ruled that even if LeRoy was entitled to a homestead exemption, he did not timely assert his right. The court found that LeRoy's homestead exemption claim was untimely because it was not made prior to the stipulation for the sale of the property in the judgment of partition, prior to efforts to sell the property privately, or prior to the first judicial sale. The parties argue the question as one of whether LeRoy

---

[15] We note that many deeds expressly designate a property as "homestead property." Although the designation is not required by statute, it serves to identify the property as subject to certain rights such as § 706.01(7) or § 815.20. The failure to designate a property as "homestead property" would not preclude an owner from claiming the benefits of the § 815.20 exemption; however, the designation is consistent with the view that a tenant in common's consent goes to the establishment of the homestead rather than the view that the tenant in common's consent is required at the time the exemption is claimed.

waived his homestead exemption. We conclude that Le-Roy did not waive his exemption insofar as he may protect the $25,000 proceeds from the sale, but that collateral estoppel bars LeRoy from upsetting the sale of the property.

Waiver is the voluntary and intentional relinquishment of a known right.[16] A question of waiver is a mixed question of fact and law.[17] In this case, sec. 815.21 provides that a person may assert the exemption anytime prior to the sale of the property. LeRoy asserted his homestead exemption in October, 1980. Helen contends that the sale occurred under the first judicial order of sale, which occurred on September 3, 1980, although that sale was invalid. The issue, then, is whether the first judicial sale, although invalid, terminated LeRoy's right to a homestead exemption for purposes of sec. 815.21. Because the facts are not in dispute and the question requires the interpretation of the statute, this issue is a question of law and we review it without deference to the trial court's opinion.[18]

The power to assert a homestead exemption any time before sale demonstrates the strength of the public policy to protect the homestead exemption.[19] Although a sale was attempted under the first order of judicial sale, the sale was invalid, and thus no sale occurred. In this case, the first order had no more effect than attempts to sell the property privately. We hold it determinative that when LeRoy asserted his exemption, the property was

---

[16] *Mansfield v. Smith,* 88 Wis. 2d 575, 592, 277 N.W.2d 740, 748 (1979).

[17] *See Nolop v. Spettel,* 267 Wis. 245, 249, 64 N.W.2d 859, 862 (1954).

[18] *Lang,* 100 Wis. 2d at 43–44, 301 N.W.2d at 264.

[19] *Anchor S & L Ass'n v. Week,* 62 Wis. 2d 169, 175–76, 213 N.W.2d 737, 739–40 (1974).

subject to sale at a later date. LeRoy timely asserted his exemption.

Nevertheless, LeRoy is barred from asserting his exemption to upset the sale of the property. The homestead exemption can be conceived as having two parts: (1) a right to protect certain property from sale, *see* sec. 815.20(2), Stats; and (2) in the alternative, a right to protect the $25,000 in proceeds from the sale of homestead property. *See* sec. 815.21, Stats. In the judgment of partition, the court found that the parties agreed to the sale of the property. The court concluded that the property was to be sold for purposes of partition. The judgment of partition was subject to LeRoy's prior appeal to this court. On that appeal, LeRoy did not litigate whether the property should be sold.

Collateral estoppel is a doctrine of repose, which bars relitigation of issues determined by prior legal proceedings between parties.[20] An issue is barred by collateral estoppel only if it was litigated, determined, and necessary to the decision in the prior proceeding.[21] In this case, since the parties stipulated to the sale of the property, the question of the sale of the property was litigated and determined. The issue was necessary to the judgment of partition because the court would have divided the title if sale was not necessary. The judgment became final when LeRoy failed to litigate the issue on appeal. We conclude that LeRoy is barred from arguing that the sale is not necessary to partition, and that to permit LeRoy to assert his homestead exemption to upset the sale of the property would improperly impeach the judgment of partition. Since we determine that LeRoy is estopped from upsetting the sale of the property, LeRoy's exemption only extends to proceeds of the sale.

[20] *State ex rel. Flowers v. DH&SS*, 81 Wis. 2d 376, 387, 260 N.W.2d 727, 734 (1978).
[21] *Id.*

We remand the case for distribution of the proceeds in accordance with our determination that LeRoy may exempt up to the $25,000 proceeds from the claims of creditors as provided in sec. 815.20.[22] First, the homestead exemption does not enlarge the homeowner's ownership interest to any extent. The homestead exemption, then, provides no rights to the homeowner against co-owners; however, if the partition action adjudicates the rights among a homeowner and his creditors, then the homeowner is entitled to the statutory exemption as provided in secs. 815.20 and 815.21. Second, the trial court must determine whether any creditors are subject to the homestead exemption. Those creditors who are not subject to the exemption may be paid without regard to the exemption. Third, if the court finds that any creditors are subject to the exemption, then the court must give those creditors an opportunity to be heard for the purpose of establishing that the property does not constitute LeRoy's homestead. LeRoy's assertion of the homestead exemption establishes a presumption that the property is homestead property, but this presumption exists only until a creditor carries the burden to rebut it.[23] If the court determines that the property is not homestead property, LeRoy is not entitled to the exemption. If the property is homestead, LeRoy is entitled to $25,000 proceeds of the sale and the creditors are entitled to the remainder of the proceeds in their order of priority.

*By the Court.*—Order reversed and cause remanded with directions.

---

[22] Helen has purchased another homestead and does not assert a homestead interest in the farm. We do not decide whether, under the facts of this case, both she and LeRoy would be entitled to a $25,000 exemption.

[23] *Jarvais v. Moe*, 38 Wis. 440, 446 (1875).