**Judith A. MARKWARDT, Plaintiff,**

v.

**Timothy J. McCARTHY, Defendant.**

No. 88–C–209.

United States District Court,
E.D. Wisconsin.

Aug. 15, 1989.

Thomas Hartley, Kenosha, Wis., for plaintiff.

Bernard Vash, Asst. Corp. Counsel, Kenosha County, Kenosha, Wis., and Davis & Kuelthau by Harold Laufer and Maria Myers, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

In this § 1983 action, the plaintiff alleges that the defendant, a deputy sheriff for the county of Kenosha, arrested her without probable cause, searched her car without probable cause and unlawfully seized her property. The complaint further alleged that the county of Kenosha, its sheriff and a lieutenant were also liable for civil rights violations. In a decision and order dated May 18, 1989, the court granted the county's, the sheriff's and the lieutenant's motions for summary judgment and dismissed them from the action; the deputy sheriff's motion for summary judgment was denied.

Currently before the court are the deputy sheriff's motion for reconsideration of the summary judgment ruling, his motion to prohibit further discovery of physician experts, and several motions in limine. The plaintiff has also filed two motions in limine. The motion for reconsideration as to the summary judgment decision will be denied; the various motions in limine will be denied in part and granted in part. The defendant's motion prohibiting further discovery has gone unopposed and will be granted.

█ The defendant has renewed his argument that the plaintiff should be barred, under the doctrines of res judicata and collateral estoppel, from pursuing this § 1983 action because she pled guilty to a charge of possessing open intoxicants in an automobile. The defendant argued this position for the first time in his reply brief filed in connection with his motion for summary judgment. Since the plaintiff did not have an opportunity to respond to the preclusion argument at that time, the court did not address the issue in its decision and order dated May 18, 1989.

Res judicata bars a subsequent action between the same parties as to all matters which were actually litigated or could have been litigated. In Wisconsin, "[i]n order for the first action to bar the current action, there must be an identity of the parties and an identity of causes of action or claims in the two cases." *Patzer v. Board of Regents of University of Wisconsin,* 763 F.2d 851, 855 (7th Cir.1985), *citing DePratt v. West Bend Mutual Insurance Co.,* 113 Wis.2d 306, 311, 334 N.W.2d 883 (1983).

Assuming, arguendo, that there is an identity of parties, the defendant's res judicata argument cannot be sustained because the causes of action are so different. Wisconsin defines a claim or cause of action by looking to the entire transaction. *Id.* This so-called "transactional view" is set forth in Restatement (Second) of Judgments § 24 (1982). Under the transactional view, the claim extinguished by the first judgment "includes all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction or series

of connected transactions, out of which the action arose." Restatement (Second) § 24.

The defendant argues that since the plaintiff's § 1983 claim arose out of the same transaction that gave rise to her being ticketed for a traffic violation, the plaintiff is barred from raising the civil rights claim in this action because she should have raised the claim in the state court traffic violation proceeding. The defendant concludes that the plaintiff has waived her right to litigate her § 1983 cause of action by pleading guilty to a traffic violation.

The plaintiff correctly asserts that res judicata is inapplicable because the civil rights action does not share an identity of cause of action with the judgment of conviction rendered in connection with the traffic violation. The plaintiff's argument is not "disengenuous" [sic]. Defendant's reply brief page 2. "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show." *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927). Although the plaintiff's § 1983 claim and the traffic violation are both civil actions, that is the extent of their commonness. The two actions are entirely different and address two distinct wrongs: A civil rights action remedies claimed violations of constitutional rights whereas a traffic forfeiture action remedies alleged violations of the state's motor vehicle code.

The defendant's argument that collateral estoppel bars the plaintiff's § 1983 action is also meritless. The case at bar does not present a factual situation in which the issue of probable cause was addressed and resolved in the prior state proceeding. In Wisconsin, collateral estoppel "bars parties from relitigating issues that were 'litigated, determined, and necessary to the decision in the prior proceeding.'" *Donald v. Polk County*, 836 F.2d 376, 382 (7th Cir. 1988), *quoting Reckner v. Reckner*, 105 Wis.2d 425, 314 N.W.2d 159 (Wis.App. 1981).

In *Haring v. Prosise*, 462 U.S. 306, 312, 103 S.Ct. 2368, 2372, 76 L.Ed.2d 595 (1983) the Supreme Court addressed "whether Prosise's § 1983 action to redress an alleged Fourth Amendment violation is barred by the judgment of conviction entered in state court following his guilty plea." 462 U.S. at 312, 103 S.Ct. at 2372. The Supreme Court answered the question in the negative and based its decision on the following reasons:

> First, the legality of the search of Prosise's apartment was not actually litigated in the criminal proceedings. Indeed, no issue was 'actually litigated' in the state proceeding since Prosise declined to contest his guilt in any way. Second, the criminal proceedings did not actually decide against Prosise any issue on which he must prevail in order to establish his § 1983 claim....
>
> Finally, none of the issues in the § 1983 action could have been 'necessarily' determined in the criminal proceeding.

*Haring,* 462 U.S. at 316, 103 S.Ct. at 2374.

The same is true in the case at bar. The issue of probable cause was not actually litigated in the civil forfeiture action, nor would it be since probable cause is not needed to support a traffic forfeiture action. *See State v. White*, 97 Wis.2d 193, 201, 295 N.W.2d 346 (1980). *See also Crowall v. Heritage Mutual Insurance Co.*, 118 Wis.2d 120, 122 n. 2, 346 N.W.2d 327 (Ct.App.1984) ("A plea of guilty or nolo contendere in the criminal suit does not draw any issues into controversy and does not support the use of collateral estoppel.")

The defendant has filed a total of eight motions in limine, six motions were filed on May 30, 1989 and two additional motions were filed on June 2, 1989. The first two motions and the last two motions are unopposed by the plaintiff. The court will grant the defendant's motions in limine to exclude references to the former defendants in this action and to exclude references that the county of Kenosha may be the payor of damages.

The plaintiff opposes the defendant's third, fourth, fifth and sixth motions in limine. The defendant's third motion in limine seeks to exclude all references of his past employment with the Lake Zurich Po-

lice Department; this motion will be denied because its reach is too sweeping. The plaintiff will be allowed to elicit testimony regarding deputy McCarthy's past employment so long as such testimony does not delve into the areas previously excluded in the court's discovery related ruling dated May 18, 1989.

■ . The defendant's fourth motion in limine seeks to exclude the results of the plaintiff's blood alcohol test and the subsequent dismissal of the citation for driving while under the influence of intoxicants. The motion will be denied because such testimony appears to be relevant and may reflect on the plaintiff's credibility.

■ In the defendant's fifth, sixth and seventh motions in limine, the defendant seeks to exclude all references to the circumstances and events occurring after the alleged unlawful arrest, search and seizure on the grounds of relevance. The topic areas proposed to be excluded are the plaintiff's financial condition, her attempts to retrieve her medications and phone conversations with the sheriff's personnel after the plaintiff's release from custody. The motions will be denied. Such inquiries may prove to be irrelevant to the issue whether the defendant had probable cause to arrest and search the plaintiff, but the court will be in a better position to resolve such issues when the testimony is proposed in context.

The defendant's final motion in limine seeks to limit testimony regarding the plaintiff's medical condition. The motion was filed at a time when the parties were operating under the court's ruling that the trial of the issue of liability would be bifurcated from the trial of the issue of damages. On August 8, 1989, the court vacated that ruling. The defendant's motion to limit testimony concerning the plaintiff's medical condition will be denied.

The plaintiff has filed two motions in limine. First, the plaintiff seeks to exclude testimony regarding the seizure of a pipe-like object, bottles and vials from the vehicle for lack of foundation. The motion will be denied.

■ The plaintiff's second motion seeks to exclude, on the basis of relevancy, testimony regarding the fact that the plaintiff has been physically abused by her boyfriend. The motion will be granted.

Therefore, IT IS ORDERED that the defendant's motion for reconsideration be and hereby is denied, with attorneys fees in favor of the plaintiff in the amount of $300.00.

IT IS ALSO ORDERED that the defendant's motion in limine seeking to exclude references to those defendants who have been dismissed from this action be and hereby is granted.

IT IS FURTHER ORDERED that the defendant's motion in limine seeking to exclude references to the county of Kenosha as the payor of any damage award be and hereby is granted.

IT IS FURTHER ORDERED that the defendant's motion in limine to exclude all references to his prior employment be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's motion to in limine seeking to exclude all references to the results of the plaintiff's blood alcohol test and the subsequent dismissal of the citation for driving under the influence be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's motion in limine seeking to exclude all testimony regarding interaction between the plaintiff and the defendant subsequent to the alleged unlawful arrest, search and seizure be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's motion in limine seeking to limit the evidence regarding the plaintiff's medical condition be and hereby is denied.

IT IS FURTHER ORDERED that the plaintiff's motion in limine seeking to exclude testimony regarding the seizure of a pipe-like object, bottles and vials be and hereby is denied.

IT IS FURTHER ORDERED that the plaintiff's motion in limine seeking to exclude testimony regarding incidents of

physical abuse between the plaintiff and her boyfriend be and hereby is granted.

IT IS FURTHER ORDERED that the defendant's motion to prohibit further discovery of physician expert be and hereby is granted.