FARM CREDIT BANK OF ST. PAUL, f/k/a The Federal Land Bank of Saint Paul, Plaintiff-Respondent,

v.

Dan W. GIBSON, Defendant-Third-Party Plaintiff-Appellant,†

Rhoda GIBSON and Farm Credit Bank of St. Paul, f/k/a The Federal Land Bank of Saint Paul, Third-Party Defendants.

Court of Appeals

*No. 89–1684–FT. Submitted on briefs January 8, 1990.—Decided March 13, 1990.*

(Also reported in 455 N.W.2d 674.)

†Petition to review denied.

For defendant-third-party plaintiff-appellant, the cause was submitted on the briefs of *Carol N. Skinner* of *Bakke, Norman & Schumacher, S.C.,* of New Richmond.

For third-party defendant, Farm Credit Bank of St. Paul, the cause was submitted on the brief of *Joseph W.*

*Kryshak* of *Wiley, Rasmus, Wahl, Colbert, Norseng & Cray, S.C.,* of Chippewa Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.    Dan Gibson appeals a declaratory judgment establishing his right to only one acre of land as his homestead exempt from execution by Farm Credit Bank of St. Paul, a judgment creditor.[1] Gibson, who resides in a trailer home on a 106-acre farm and works a portion of the land part of the time, asserts a statutory right to a forty-acre exemption. The trial court ruled that he was entitled only to his dwelling and one acre of land reasonably necessary for use of the dwelling as a home. Because the trial court reasonably exercised its discretion, we affirm.

Following the mortgage foreclosure of his Chippewa County farm, Gibson moved into a trailer home located on the 106-acre farm in Dunn County. Although he farmed this land for twenty-five years, more recently he worked as a construction worker earning from $14,000 to $15,000 during the nine-month building season. The forty-acre parcel he seeks to exempt from the bank's execution sale encompasses his trailer, another trailer occupied by his son, a home occupied by his mother, several outbuildings and between seventeen and twenty-two tillable acres.

Section 990.01(13), Stats., provides: "The word 'homestead' means the dwelling and so much of the land surrounding it as is reasonably necessary for use of the dwelling as a home, but not less than one-fourth acre (if available) and not exceeding 40 acres."

Section 815.20, Stats., provides: "**Homestead exemption definition.** (1) An exempt homestead . . . selected by a resident owner and occupied by him . . .

---

[1]This is an expedited appeal pursuant to Rule 809.17.

shall be exempt from execution . . . to the amount of $40,000 . . .."

Gibson would have us take the statutory phrase in the definition of homestead "land . . . reasonably necessary for use of the dwelling as a home" to mean "reasonably necessary as a means of making a living." He refers us to *Morgan v. Rountree,* 55 N.W. 65, 66 (Iowa 1893), wherein that court said:

> It is certainly the spirit and purpose to exempt not only *the homestead,* but also the use thereof, for without the use the *exemption* would be valueless. It is not simply as a place of shelter—*a place in which to live,* that *homesteads are exempt,* but *also as a means of making a living, as is shown by the exemption of one half an acre in town, 40 acres in the country, and the shop or building, when situated on the exempt premises, in which the head of the family carries on his business.* The use of the homestead, as well as the homestead itself, is unquestionably exempt so long as the homestead character is maintained . . .. We think it is in harmony with the evident spirit and purpose of our statute to hold that the head of a family owning a homestead has a right to hold as exempt not only the homestead and its use, but also crops or money which he may derive from its use . . .. (Emphasis supplied.)

Whether a statute is ambiguous is a question of law. *Sonnenburg v. Grohskopf,* 144 Wis. 2d 62, 65, 422 N.W.2d 925, 926 (Ct. App. 1988). If the meaning of a statute is plain, the court is prohibited from looking beyond its language to ascertain its meaning, and we do not refer to outside sources to aid in its construction. *Marshall-Wisconsin Co. v. Juneau Square Corp.,* 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987). The Wis-

328

consin homestead exemption statute was enacted pursuant to art. I, sec. 17, of the Wisconsin Constitution, which provides that a debtor's privilege to enjoy the necessary comforts of life are to be recognized by wholesome laws exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability. *Schwanz v. Teper,* 66 Wis. 2d 157, 163, 223 N.W.2d 896, 899 (1974). The homestead exemption is to be interpreted broadly to protect the homeowner. *Reckner v. Reckner,* 105 Wis. 2d 425, 431, 314 N.W.2d 159, 162–63 (Ct. App. 1981).

We conclude that Wisconsin's homestead statutes are plain and unambiguous. The legislature has declared exempt the dwelling and so much of the land as is reasonably necessary for use of the dwelling as a *home.* As a general rule, words and phrases used in statutes shall be construed according to common and approved usage. Sec. 990.01(1), Stats. What is common and approved can be established by the definition from a recognized dictionary. *Milwaukee County v. DILHR,* 80 Wis. 2d 445, 450, 259 N.W.2d 118, 121 (1977). A "home" is "the house and grounds with their appurtenances habitually occupied by a family: one's principal place of residence . . .." Webster's Third New Int'l Dictionary 1082 (1976). Sections 990.01 and 815.20, Stats., read liberally, neither declare nor imply exemptions for land used "as a means of making a living." Section 990.01 makes no provision for exempting property for use as a business, in contrast to the statute at issue in *Morgan.* If enlightened social policy dictates a broadening of the exemption for the reasons Gibson suggests, that decision must come from the legislature.

While we agree with Gibson's contention that his employment as a construction worker is no bar to a forty-acre exemption, we disagree with his contention that his use of the land for farming mandates an exemption. Whether an owner farms full time, part-time, or not at all is not the issue. The issue is what amount of land surrounding a dwelling is reasonably necessary for use of the dwelling as a home. In a rural area especially, consideration of need for a septic system, a well and the need for relatively remote outbuildings are relevant factors. The court reasonably exercised its discretion here by awarding a one-acre exemption. There was evidence that an acre would allow for the trailer home, enough land for a septic system, and "backup areas for septic systems." Although the bank appraiser recommended exempting an acre because it would cause the lot to be saleable, a factor not included in the definition of a homestead, nevertheless, the court made its decision on the basis of the reasonably necessary standard found in the statute. We therefore affirm.

*By the Court.*—Judgment affirmed.