In the Matter of Philip M. BURGUS, Debtor.

Karen JOHNSON, Plaintiff,

v.

Philip M. BURGUS, Defendant.

No. 91–C–19–S.

United States District Court, W.D. Wisconsin.

Feb. 28, 1991.

Elisabeth Atwell, Ferryville, WI, for debtor.

Mark Bromley, Lancaster, WI, for Karen Johnson.

Michael E. Kepler, Kepler & Peyton, Madison, WI, Trustee.

J. David Krekeler, Collins, Beatty & Krekeler, Madison, WI, for Dorothy Burgus.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

### BACKGROUND

Debtor Philip M. Burgus filed a Chapter 7 Bankruptcy petition on May 17, 1990. Pursuant to Wisconsin Statute § 990.01(14) and 11 U.S.C. § 522(b)(2)(A) the debtor filed a claim seeking a homestead exemption for a twenty-five acre parcel of land.

Creditor Karen Johnson objected to the debtor's claimed exemption of the twenty-five acre parcel and contended that the debtor was entitled to claim as an exemption only one acre of the twenty-five acre parcel.

On December 6, 1990, the Honorable Robert D. Martin, United States Bankruptcy Judge, issued a Memorandum and Order denying the creditor's objection which sought to limit the debtor's claimed homestead exemption to one acre of land, 166 B.R. 121. The Bankruptcy Court determined that the debtor is entitled to claim a homestead exemption for the full twenty-five acre parcel subject to the $40,000 value limitation contained in Wisconsin Statute § 815.20. The creditor seeks reversal of the decision of the Bankruptcy Court. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). The order of the Bankruptcy Court is affirmed.

### FACTS

The parties have stipulated to those facts which were presented to the Bankruptcy Court. Accordingly, this Court will adopt the facts found in the Bankruptcy Court's Memorandum and Order.

Debtor Philip M. Burgus claimed a homestead exemption in a twenty-five acre parcel of land on which is located a house in which he resides, a well, a septic tank, and a shed. These improvements are all located on one acre in the southwest corner of the parcel. The parcel consists of approximately ten acres of tillable land, ten acres of nontillable land (nine acres of which is covered by woods), and five acres of pasture land. The improvements have been appraised at $33,300, the tillable land at $4,500, the nontillable land at 2,500, and the pasture land at $1,500, for a total estimated value of $41,800.

The debtor's home is heated by a woodburning furnace fueled by wood which the debtor harvests from his acreage. Horses and steers occupy the pasture land, and the tillable land is generally used to grow oats or hay for the livestock. The debtor plans to have a large vegetable garden in the future. The debtor does not sell any of the land's produce.

### MEMORANDUM

The issue before this Court is whether the debtor is entitled to claim as a homestead exemption a twenty-five acre parcel of land or whether he is limited to the one-acre parcel upon which his dwelling is located.

The homestead exemption is governed by Wisconsin Statute §§ 990.01(13) and 990.01(14). These provisions provide:

**(13) Homestead.** (a) The word "homestead" means the dwelling and so much of the land surrounding it as is reasonably necessary for use of the dwelling as a home, but not less than one-fourth acre (if available) and not exceeding 40 acres.

(b) Any amendment of a homestead statute shall not affect liens of creditors attaching nor rights of devisees or heirs of persons dying prior to the effective date of the amendment.

**(14) Homestead exemption.** "Exempt homestead" means the dwelling including a building, condominium, mobile home, house trailer or cooperative, and so much of the land surrounding it as is reasonably necessary for its use as a home but not less than 0.25 acre, if available, and not exceeding 40 acres, within the limitation as to value under s. 815.20, except as to liens attaching or rights of devisees or heirs of persons

dying before the effective date of any increase of that limitation as to value.

Wisconsin Statute § 815.20(1) provides:

An exempt homestead as defined in s. 990.-01(14) selected by a resident owner and occupied by him or her shall be exempt from execution, from the lien of every judgment and from liability for the debts of the owner to the amount of $40,000, except mortgages, laborers', mechanics' and purchase money liens and taxes and except as otherwise provided. . . .

Examining the plain language of the statutes it is evident that two limitations are placed on that which can be considered a "homestead." There are size and value limitations on the acreage of property constituting a "homestead."

The debtor seeks to exempt twenty-five acres, which is an amount of acreage well within the .25 to 40 acre limitation imposed by the statutes. Although the twenty-five acre property is valued at $41,800, the debtor is limited by statute to only that portion of the twenty-five acre "homestead" property that does not exceed $40,000 in value. Accordingly, as the property which the debtor seeks to exempt falls within the statutory limitations, it can be presumed that the twenty-five acre parcel is "homestead" property.

The debtor must overcome a reasonableness requirement. Specifically, a "homestead" consists of a dwelling and that land which is *reasonably* necessary for its use as a home." What is "reasonably necessary" has never been precisely defined. However, various Wisconsin Supreme Court decisions have indicated that the land can be used for *any* purpose as long as it is "reasonably necessary" for the person's use as a home. *See Schwanz v. Teper,* 66 Wis.2d 157, 223 N.W.2d 896 (1974).

The most recent discussion of the "homestead exemption" is found in the Wisconsin Court of Appeals decision of *Farm Credit Bank of St. Paul v. Gibson,* 155 Wis.2d 325, 455 N.W.2d 674 (Ct.App.1990). In *Gibson,* the debtor argued that "land reasonably necessary for use of the dwelling as a home really meant land reasonably necessary as a means of making a living." *Id.* at 328, 455

N.W.2d 674. The *Gibson* Court rejected this interpretation of the statute and consistent with prior Wisconsin Supreme Court decisions reiterated that the pertinent inquiry is not what the land is used for, but rather whether the land is reasonably necessary for the use of the dwelling as a home. *Id.* at 330, 455 N.W.2d 674.

The burden to prove that land should not be included as part of the "homestead" falls upon the creditor. "[A]ssertion of the homestead exemption establishes a presumption that the property is homestead property, but this presumption exists until a creditor carries the burden to rebut it." *Reckner v. Reckner,* 105 Wis.2d 425, 437, 314 N.W.2d 159 (Ct.App.1981).

"Property which otherwise can be classified as homestead property should presumptively be considered 'reasonably necessary for the use of the dwelling as a home,' as long as it does not exceed such [statutorily] prescribed limits. This presumption can only be rebutted by a specific showing of unreasonableness." *In re Mann,* 82 B.R. 981, 984 (Bank.W.D.Wis.1986).

Prior to addressing those particular facts which are pertinent to the resolution of the reasonableness inquiry, it is necessary to set forth the objective supporting the creation of the "homestead exclusion":

The Wisconsin homestead exemption statute was enacted pursuant to art. I, sec. 17, of the Wisconsin Constitution, which provides that a debtor's privilege to enjoy the necessary comforts of life is to be recognized by wholesome laws exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability. The homestead exemption is to be interpreted broadly to protect the homeowner.

*Farm Credit Bank of St. Paul v. Gibson,* 155 Wis.2d 325, 329, 455 N.W.2d 674 (Ct.App. 1990) (citations omitted).

The stipulated facts adequately demonstrate that the twenty-five acre exemption claimed by the debtor is reasonable, subject to the appropriate value limitation of $40,000. The stipulated facts do not indicate that the debtor seeks to exceed the statutorily pre-

scribed size and value limitations. Nor has the creditor set forth any information which permits a finding that it is unreasonable to consider a twenty-five acre parcel as "reasonably necessary for its use as a home."

The Court is of the opinion that to find otherwise subverts the meaning of the "homestead exemption" and is contrary to the objectives that the "homestead exemption" was designed to foster. A finding absent a showing of unreasonableness that a parcel of land that falls within the size and value parameters of Wisconsin Statutes §§ 990.01(13) and 990.01(14) is part of the "homestead" is consistent with the purpose of the "homestead exemption."

## ORDER

IT IS ORDERED that the decision of the Bankruptcy Court dated December 6, 1990 is **AFFIRMED.**