993 F.2d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Douglas GOWAN, Plaintiff-Appellant,
v.
Marcia M. STENMAN, et al., Defendants-Appellees.
 No. 92-1656.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 29, 1993.*
Decided May 11, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Douglas Gowan, proceeding pro se, brought this action seeking damages for breach of a sublease agreement for office space for his wholly-owned corporation, The Capital Group, Inc. ("TCG"). Jurisdiction was premised upon the parties' diverse citizenship. 28 U.S.C. § 1332. The district judge granted the defendants' motion to dismiss the action, concluding that Gowan had no standing to sue because the disputed sublease involved his corporation and not him personally. This appeal followed.
 
 
 2
 In his brief, Gowan makes several arguments for reversal of the district judge's decision, only two of which merit discussion: (1) the district judge erred in failing to allow him to amend the complaint for subject matter jurisdiction, substituting Marcia M. Stenman for RREEF Management Company as a defendant and adding The Capital Group, Inc. as a plaintiff, and (2) the district judge erred in failing to construe his complaint to allege that he was the party who was offered a new prime lease agreement by the defendants.
 
 
 3
 The Federal Rules of Civil Procedure allow for the liberal amendment of complaints, especially to cure jurisdictional defects. Northlake Community Hospital v. United States, 654 F.2d 1234, 1240 (7th Cir.1981). Rule 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." A motion to dismiss is not a responsive pleading. Northlake Community Hospital, 654 F.2d at 1240. Gowan thus was entitled to amend his complaint "once as a matter of course" prior to dismissal of his action. Id. Gowan's attempt to establish diversity of citizenship by filing a motion for leave to amend and to substitute defendants in response to the defendants' motion to dismiss was sufficient to effectively amend his complaint and foreclose dismissal of the action for want of subject matter jurisdiction. Id.
 
 
 4
 The amendment notwithstanding, Gowan's action is subject to dismissal based on the doctrine of collateral estoppel. Collateral estoppel precludes a party from relitigating an issue it previously has litigated and lost. Donald v. Polk County, 836 F.2d 376, 381 (7th Cir.1988). Under Wisconsin law, which applies in this case, parties are barred from relitigating issues that were "litigated, determined, and necessary to the decision in the prior proceeding." Id. at 382 (quoting Reckner v. Reckner, 314 N.W.2d 159, 165 (Wis.App.1981)). Mutuality of parties is not required. Id. Preclusive effect is given to state court determinations on issues that were (1) identical; (2) actually litigated; and (3) necessary to the state court's final judgment. Id. Also, the party being precluded must have had a fair opportunity to litigate his claim in the first proceeding. Id.
 
 
 5
 Gowan's claim that the defendants promised to enter into a new lease agreement with him in his individual capacity is barred by collateral estoppel. The issue of whether the defendants entered into a new lease with Gowan was actually litigated in the Milwaukee County Circuit Court eviction action. The circuit court decided there was no lease when it found, "Neither RREEF nor any of its agents or representatives made any representation to TCG or First Bank or to the agents or representatives of either party, upon which either party or their privies relied, that a new lease would be concluded with TCG, or with Douglas Gowan in his individual capacity, providing for a term commencing after February 29, 1992." This finding was essential to the circuit court's conclusion that Gowan had no interest in or right to occupy the office space after February 29, 1992. Gowan makes no showing that he was denied a fair opportunity to pursue this issue in the circuit court. In the absence of such a showing, the judgment of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record